TIMOTHY J. YOO (SBN 155531)
MONICA Y. KIM (SBN 180139)
LINDSEY L. SMITH (SBN 265401)
LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
10250 Constellation Blvd., Suite 1700
Los Angeles, California 90067
Telephone:  (310) 229-1234
Facsimile:  (310) 229-1244

Proposed Attorneys for Chapter 11 Debtor and Debtor in Possession

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
(LOS ANGELES DIVISION)

| | |
|---|---|
| In re:<br><br>SELIM AMERICA, INC., a New York corporation,<br><br>     Debtor. | CASE NO. 2:10-bk-45503-RN<br><br>Chapter 11<br><br>**APPLICATION OF DEBTOR AND DEBTOR IN POSSESSION TO EMPLOY LEVENE, NEALE, BENDER, YOO & BRILL L.L.P. AS BANKRUPTCY COUNSEL; DECLARATION OF MONICA Y. KIM, ESQ. IN SUPPORT THEREOF**<br><br>[No Hearing Required – Local Bankruptcy Rule 2014-1(b)] |

Selim America, Inc., a New York corporation, Chapter 11 debtor and debtor in possession herein (the "Debtor"), hereby submits this application (the "Application") for Court approval of its employment of Levene, Neale, Bender, Yoo & Brill L.L.P. ("LNBYB") as bankruptcy counsel upon the terms and conditions described below.  In support of this Application, the Debtor respectfully represents as follows:

///

A.    Case Background

1.    The Debtor commenced its bankruptcy case by filing a voluntary petition under Chapter 11 of 11 U.S.C. § 101 et seq. (the "Bankruptcy Code") on August 23, 2010 (the "Petition Date").  The Debtor continues to operate its business, manage its financial affairs and operate its bankruptcy estate as a debtor in possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

2.    The Debtor is engaged in the business of importing a variety of textile goods from abroad for resale within the United States.

3.    Concurrently with the Debtor, a voluntary petition was filed by the Debtor's affiliate, Selim Textile, Inc., a New York corporation ("Selim Textile"), Case Number 2:10-bk-45505-RN.  The Debtor owed Selim Textile the sum of approximately $53,000,000 as of the Petition Date.  The Debtor and Selim Textile may seek to substantively consolidate their cases.  Selim Textile has also filed an application in its case to employ LNBYB as its bankruptcy counsel.

B.    Employment of Bankruptcy Counsel

4.    As a debtor in a Chapter 11 bankruptcy case, the Debtor requires the services of bankruptcy counsel.  The Debtor has decided that LNBYB is the ideal bankruptcy counsel to represent the Debtor taking into account firm size, experience, skill level and cost.  In that regard, the Debtor seeks to employ LNBYB as its bankruptcy counsel, at the expense of the Debtor's bankruptcy estate, and to have the Debtor's employment of LNBYB be deemed effective as of the Petition Date.

5.    The Debtor seeks to employ LNBYB as its bankruptcy counsel to render, among others, the following types of professional services:

a.        advising the Debtor with regard to the requirements of the Bankruptcy Court, Bankruptcy Code, Bankruptcy Rules and the Office of the United States Trustee as they pertain to the Debtor;

b.        advising the Debtor with regard to certain rights and remedies of its bankruptcy estate and the rights, claims and interests of creditors;

c.        representing the Debtor in any proceeding or hearing in the Bankruptcy Court involving its estate unless the Debtor is represented in such proceeding or hearing by other special counsel;

d.        conducting examinations of witnesses, claimants or adverse parties and representing the Debtor in any adversary proceeding except to the extent that any such adversary proceeding is in an area outside of LNBYB's expertise or which is beyond LNBYB's staffing capabilities;

e.        preparing and assisting the Debtor in the preparation of reports, applications, pleadings and orders including, but not limited to, applications to employ professionals, interim statements and operating reports, initial filing requirements, schedules and statement of financial affairs, lease pleadings, cash collateral pleadings, financing pleadings, and pleadings with respect to the Debtor's use, sale or lease of property outside the ordinary course of business;

f.        representing the Debtor with regard to obtaining use of debtor in possession financing and/or cash collateral including, but not limited to, negotiating and seeking Bankruptcy Court approval of any debtor in possession financing and/or cash collateral pleading or stipulation and preparing any pleadings relating to obtaining use of debtor in possession financing and/or cash collateral;

g.      assisting the Debtor in the negotiation, formulation, preparation and confirmation of a plan of reorganization and the preparation and approval of a disclosure statement in respect of the plan; and

h.      performing any other services which may be appropriate in LNBYB's representation of the Debtor during its bankruptcy case.

6.      LNBYB is comprised of attorneys who specialize in and limit their practice to matters of insolvency, reorganization and bankruptcy law and is well qualified to represent the Debtor.  All attorneys comprising or associated with LNBYB are admitted to practice law in the California courts and in the United States District Court for the Central District of California.  A copy of LNBYB's firm resume is attached as Exhibit "A" to the Declaration of Monica Y. Kim, Esq. (the "Kim Declaration") annexed hereto.

7.      LNBYB will bill its time for its representation of the Debtor on an hourly basis in accordance with LNBYB's standard hourly billing rates.  A listing of the current hourly billing rates for each of LNBYB's attorneys is attached as Exhibit "B" to the Kim Declaration annexed hereto.  LNBYB will seek reimbursement of expenses in accordance with the rates set forth in the guidelines promulgated by the Office of the United States Trustee.  The Debtor expects that Timothy J. Yoo, Esq. and Monica Y. Kim, Esq. will be the primary attorneys at LNBYB responsible for the representation of the Debtor during its Chapter 11 case.

8.      Because LNBYB's practice is limited exclusively to matters of bankruptcy, insolvency and reorganization law, the services provided by LNBYB do not include the rendition of substantive legal advice outside of these areas such as corporate, tax, securities, tort, environmental, labor, criminal, real estate law or real estate litigation.  LNBYB will not be required to represent or advise the Debtor in matters which LNBYB believes are beyond LNBYB's expertise such as the areas of law just described.  In addition, LNBYB will not be

required to represent the Debtor in matters where LNBYB determines that it lacks the ability to staff the matter adequately, such as in certain, major complex litigation.

9.      During the one-year period prior to its Chapter 11 filing, the Debtor and Selim Textile paid the total sum of $110,000 (the "Retainer") to LNBYB for legal services in contemplation of and in connection with the Debtor's and Selim Textile's Chapter 11 cases. The Chapter 11 filing fee was paid out of the Retainer.  The Debtor advised LNBYB that the source of the Retainer was the Debtor's and Selim Textile's funds.

10.      LNBYB negotiated the amount of the Retainer with the Debtor and Selim Textile based upon a number of factors including, but not limited to, the size and complexity of the cases, the time that LNBYB expects to put forth in the cases, the limited amount of funds the Debtor and Selim Textile had at the time of its bankruptcy filing, and the expected availability of funds to pay LNBYB's fees and expenses incurred in excess of the Retainer.

11.      LNBYB has not been paid any money by the Debtor at any time other than the Retainer.  LNBYB has not received any lien or other interest in property of the Debtor or of a third party to secure payment of LNBYB's fees or expenses.

12.      The unused portion of the Retainer remaining at the time of the Debtor's bankruptcy filing is an advanced fee payment retainer which will be maintained in a segregated trust account.  To assist LNBYB with its own cash flow needs, LNBYB requests Court authority to draw down against the remaining Retainer on a post-petition basis for all fees and expenses incurred during the Debtor's Chapter 11 case.

13.      In addition to the Retainer, LNBYB will seek Court authority to be paid from the Debtor's estate for any and all fees incurred and expenses advanced by LNBYB in excess of the Retainer.  LNBYB recognizes that the payment of any such additional fees and expenses will be subject to further Court order after notice and a hearing.

14.      LNBYB has not shared or agreed to share its compensation for representing the Debtor with any other person or entity, except among its members.

15.      LNBYB will provide monthly billing statements to the Debtor that will set forth the amount of fees incurred and expenses advanced by LNBYB during the previous month.

16.      LNBYB understands the provisions of 11 U.S.C. Sections 327, 330 and 331 which require, among other things, Court approval of the Debtor's employment of LNBYB as bankruptcy counsel and of all legal fees and reimbursement of expenses that LNBYB will receive from the Debtor and the Debtor's estate.

17.      LNBYB is not a creditor, an equity security holder or an insider of the Debtor.

18.      LNBYB does not have any previous connection with any insider of the Debtor or any insider of an insider of the Debtor.

19.      LNBYB is not and was not an investment banker for any outstanding security of the Debtor.  LNBYB has not been within three years before the Petition Date an investment banker for a security of the Debtor, or an attorney for such an investment banker in connection with the offer, sale or issuance of any security of the Debtor.

20.      Neither LNBYB nor any member of LNBYB is, nor was, within two years before the Petition Date, a director, officer or employee of the Debtor or of any investment banker for any security of the Debtor.

21.      As set forth in the annexed Kim Declaration, to the best of LNBYB's knowledge, LNBYB does not hold or represent any interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor or an investment banker for any security of the Debtor, or for any other reason.

22.    As set forth in the annexed Kim Declaration, except for LNBYB's representation of Selim Textile as its bankruptcy counsel in its bankruptcy case, to the best of LNBYB's knowledge, LNBYB does not hold or represent any interest materially adverse to the Debtor or the Debtor's estate, and LNBYB is a "disinterested person" as that term is defined in Section 101(14) of the Bankruptcy Code.  Also, to the best of LNBYB's knowledge, LNBYB has no prior connection with the Debtor, any creditors of the Debtor or its estate, or any other party in interest in this case, or its respective attorneys or accountants, the United States Trustee or any person employed by the United States Trustee.

23.    The Debtor believes that its employment of LNBYB upon the terms and conditions set forth above is in the best interest of the Debtor's estate.

24.    A true and correct copy of the Notice of this Application, which was filed and served in accordance with Local Bankruptcy Rule 2014-1(b)(2), is attached as Exhibit "C" to the Kim Declaration annexed hereto.

1    **WHEREFORE**, the Debtor respectfully requests that the Court approve the Debtor's

2  employment of LNBYB as its bankruptcy counsel upon the terms and conditions set forth

3  above.

4
Dated: August 25, 2010                        SELIM AMERICA, INC.

5

6
                                              June Yong Kim
7                                             Its President and Sole Shareholder

8

9  Submitted By:
   LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
10

11  By
12    MONICA Y. KIM
      LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
13    Proposed Attorneys for Chapter 11
      Debtor and Debtor in Possession
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## DECLARATION OF MONICA Y. KIM, ESQ.

2    I, MONICA Y. KIM, ESQ., HEREBY DECLARE AS FOLLOWS:

3    1.    I have personal knowledge of the facts set forth below and, if called to testify,
4    would and could competently testify thereto.

5    2.    I am a partner of the law firm of Levene, Neale, Bender, Yoo & Brill L.L.P.
6    ("LNBYB").  I am an attorney licensed to practice law in the State of California, in the United
7
8    States District Court and the Bankruptcy Courts for the Southern, Central, Northern and Eastern
9    Districts of California, and in the United States Court of Appeals for the Ninth Circuit.

10    3.    LNBYB is comprised of attorneys who specialize in and limit its practice to
11    matters of insolvency, reorganization and bankruptcy law.  All attorneys comprising or
12    associated with LNBYB are admitted to practice law in the California courts and in the United
13
14    States District Court for the Central District of California.  Attached hereto as Exhibit "A" is a
15    copy of LNBYB's resume.

16    4.    Selim America, Inc., a New York corporation, chapter 11 debtor and debtor in
17    possession herein (the "Debtor"), commenced its bankruptcy case by filing a voluntary petition
18    under Chapter 11 of 11 U.S.C. § 101 et seq. (the "Bankruptcy Code") on August 23, 2010 (the
19
20    "Petition Date").  The Debtor continues to operate its business, manage its financial affairs and
21    operate its bankruptcy estate as a debtor in possession pursuant to Sections 1107 and 1108 of the
22    Bankruptcy Code.

23    5.    The Debtor has requested LNBYB to serve as its bankruptcy counsel in
24    connection with its pending Chapter 11 bankruptcy case.

25    6.    LNBYB has agreed to represent the Debtor as its bankruptcy counsel to render
26    such ordinary and necessary legal services as may be required in connection with the Debtor's
27    Chapter 11 case including, but not limited to:

28

a.      advising the Debtor with regard to the requirements of the Bankruptcy Court, Bankruptcy Code, Bankruptcy Rules and the Office of the United States Trustee as they pertain to the Debtor;

b      advising the Debtor with regard to certain rights and remedies of its bankruptcy estate and the rights, claims and interests of creditors;

c.      representing the Debtor in any proceeding or hearing in the Bankruptcy Court involving its estate unless the Debtor is represented in such proceeding or hearing by other special counsel;

d.      conducting examinations of witnesses, claimants or adverse parties and representing the Debtor in any adversary proceeding except to the extent that any such adversary proceeding is in an area outside of LNBYB's expertise or which is beyond LNBYB's staffing capabilities;

e.      preparing and assisting the Debtor in the preparation of reports, applications, pleadings and orders including, but not limited to, applications to employ professionals, interim statements and operating reports, initial filing requirements, schedules and statement of financial affairs, lease pleadings, cash collateral pleadings, financing pleadings, and pleadings with respect to the Debtor's use, sale or lease of property outside the ordinary course of business;

f.      representing the Debtor with regard to obtaining use of debtor in possession financing and/or cash collateral including, but not limited to, negotiating and seeking Bankruptcy Court approval of any debtor in possession financing and/or cash collateral pleading or stipulation and preparing any pleadings relating to obtaining use of debtor in possession financing and/or cash collateral;

g.      assisting the Debtor in the negotiation, formulation, preparation and confirmation of a plan of reorganization and the preparation and approval of a disclosure statement in respect of the plan; and

h.      performing any other services which may be appropriate in LNBYB's representation of the Debtor during its bankruptcy case.

7.      LNBYB will bill its time for its representation of the Debtor on an hourly basis in accordance with LNBYB's standard hourly billing rates.  A listing of the current hourly billing rates for each of LNBYB's attorneys is attached hereto as Exhibit "B."  LNBYB will seek reimbursement of expenses in accordance with the rates set forth in the guidelines promulgated by the Office of the United States Trustee.  I expect that Timothy J. Yoo and I will be the primary attorney at LNBYB responsible for the representation of the Debtor during its Chapter 11 case.

8.      Because LNBYB's practice is limited exclusively to matters of bankruptcy, insolvency and reorganization law, the services provided by LNBYB do not include the rendition of substantive legal advice outside of these areas such as corporate, tax, securities, tort, environmental, labor, criminal, real estate law or real estate litigation.  LNBYB will not be required to represent or advise the Debtor in matters which LNBYB believes are beyond LNBYB's expertise such as the areas of law just described.  In addition, LNBYB will not be required to represent the Debtor in matters where LNBYB determines that it lacks the ability to staff the matter adequately, such as in certain, major complex litigation.

9.      During the one-year period prior to its Chapter 11 filing, the Debtor and Selim Textile paid the total sum of $110,000 (the "Retainer") to LNBYB for legal services in contemplation of and in connection with the Debtor's and Selim Textile's Chapter 11 cases.

The Chapter 11 filing fee was paid out of the Retainer.  The Debtor advised LNBYB that the source of the Retainer was the Debtor's and Selim Textile's funds.

10.     LNBYB negotiated the amount of the Retainer with the Debtor and Selim Textile based upon a number of factors including, but not limited to, the size and complexity of the cases, the time that LNBYB expects to put forth in the cases, the limited amount of funds the Debtor and Selim Textile had at the time of its bankruptcy filing, and the expected availability of funds to pay LNBYB's fees and expenses incurred in excess of the Retainer.

11.     LNBYB has not been paid any money by the Debtor at any time other than the Retainer.  LNBYB has not received any lien or other interest in property of the Debtor or of a third party to secure payment of LNBYB's fees or expenses.

12.     The unused portion of the Retainer remaining at the time of the Debtor's bankruptcy filing is an advanced fee payment retainer which will be maintained in a segregated trust account.  To assist LNBYB with its own cash flow needs, LNBYB requests Court authority to draw down against the remaining Retainer on a post-petition basis for all fees and expenses incurred during the Debtor's Chapter 11 case.

13.     In addition to the Retainer, LNBYB will seek Court authority to be paid from the Debtor's estate for any and all fees incurred and expenses advanced by LNBYB in excess of the Retainer.  LNBYB recognizes that the payment of any such additional fees and expenses will be subject to further Court order after notice and a hearing.

14.     LNBYB has not shared or agreed to share its compensation for representing the Debtor with any other person or entity, except among its members.

15.     LNBYB will provide monthly billing statements to the Debtor that will set forth the amount of fees incurred and expenses advanced by LNBYB during the previous month.

16.     LNBYB understands the provisions of 11 U.S.C. Sections 327, 330 and 331 which require, among other things, Court approval of the Debtor's employment of LNBYB as bankruptcy counsel and of all legal fees and reimbursement of expenses that LNBYB will receive from the Debtor and the Debtor's estate.

17.     LNBYB is not a creditor, an equity security holder or an insider of the Debtor.

18.     LNBYB does not have any connection with any insider of the Debtor or any insider of an insider of the Debtor.

19.     LNBYB is not and was not an investment banker for any outstanding security of the Debtor.  LNBYB has not been within three years before the Petition Date an investment banker for a security of the Debtor, or an attorney for such an investment banker in connection with the offer, sale or issuance of any security of the Debtor.

20.     Neither LNBYB nor any member of LNBYB is, nor was, within two years before the Petition Date, a director, officer or employee of the Debtor or of any investment banker for any security of the Debtor.

21.     To the best of my knowledge, LNBYB does not hold or represent any interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor or an investment banker for any security of the Debtor, or for any other reason.

22.     Concurrently with the Debtor, a voluntary petition was filed by the Debtor's affiliate, Selim Textile, Inc., a New York corporation ("Selim Textile"), Case Number 2:10-bk-45505-RN.  The Debtor owed Selim Textile the sum of approximately $53,000,000 as of the Petition Date.  The Debtor and Selim Textile may seek to substantively consolidate their cases. Selim Textile has also filed an application in its case to employ LNBYB as its bankruptcy counsel.  Except for LNBYB's representation of Selim Textile as its bankruptcy counsel in its

bankruptcy case, to the best of my knowledge, LNBYB does not hold or represent any interest materially adverse to the Debtor or the Debtor's estate, and LNBYB is a "disinterested person" as that term is defined in Section 101(14) of the Bankruptcy Code. Also, to the best of my knowledge, LNBYB has no prior connection with the Debtor, any creditors of the Debtor or its estate, or any other party in interest in this case, or its respective attorneys or accountants, the United States Trustee or any person employed by the United States Trustee.

23.    A true and correct copy of the Notice of this Application, which was filed and served in accordance with Local Bankruptcy Rule 2014-1(b)(2), is attached hereto as Exhibit "C".

I declare and verify under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed on this 24th day of August, 2010, at Century City, California.

MONICA Y. KIM, ESQ., Declarant

**EXHIBIT A**



## LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.

10250 Constellation Boulevard, Suite 1700
Los Angeles, California 90067
Telephone No. (310) 229-1234
Telecopier No. (310) 229-1244

## 2010
### PARTNERS

DAVID W. LEVENE, born March 24, 1945, New York, New York.  Business and Professional Experience**:**  July, 1974 to Present, attorney who has limited his practice primarily to matters of bankruptcy, insolvency, business reorganization and commercial financing transactions.  Education and Honors:  University of Southern California, B.S., cum laude, Business Administration, 1967; University of Southern California, M.B.A., finance and marketing, 1968;  Loyola University of Los Angeles, J.D. magna cum laude, 1974.   Bar Admissions:  California, United States District Court for the Southern, Central, Eastern and Northern Districts of California; and U.S. Court of Appeals, Ninth Circuit.   Professional Memberships and Associations: Los Angeles County (member: Executive Committee, Commercial Law and Bankruptcy Section, 1982-1987; Bankruptcy Subcommittee, 1981-1987); Chairman of the Bankruptcy Section of Beverly Hills Bar Association, 1988, 1989; Federal and American Bar Associations; The State Bar of California; Financial Lawyers Conference; American Bankruptcy Institute; Commercial Law League of America; and Turnaround Management Association.  Guest Lecturer:  Frost & Sullivan, Inc., "Loan Workouts, LBOs and Bankruptcy"; The Banking Law Institute, "Loan Workout, Restructure and Bankruptcy"; Drexel Burnham Lambert, "Chapter 11"; Financial Lawyers Conference, "Fraudulent Conveyances"; Los Angeles Bankruptcy Forum, "Out of Court Reorganizations"; Orange County Bankruptcy Forum, "Restructuring Financially Troubled Businesses"; Jewelers Board of Trade, "Consignment Issues in Bankruptcy"; Turnaround Management Association, Fall, "Case Study on Representation of Debtor in Out of Court Workouts and Chapter 11"; National Conference of the Turnaround Management Association, "Gaining Confidence of Lenders and Creditors in Workouts and Restructurings"; Young Presidents' Organization National Conference, "Acquisition and Investment Opportunities in Bankruptcy Reorganization Cases"; The Counselors of Real Estate Convention, "Chapter 11 and the Role of the Real Estate Advisor"; Association of Insolvency Accountants: Valuation Conference, "Valuation Issues in Chapter 11 Cases", Moderator of seminar on "Workouts" sponsored by Orange Country Bankruptcy Forum, "Role of Appraisers in Bankruptcy & Reorganization Cases" presented at convention of American Society of Appraisers 1998, and guest lecturer on "Workouts and Restructuring" presented nationally by Fulcrum Information Services.  Twice included in annual list of "100 most prominent business attorneys practicing in Los Angeles County" in Los Angeles Business

Journal's annual list of "Who's Who in Law and Accounting" (February 1995 and February 1996 editions).  Named a "Southern California Super Lawyers" in a 2006 poll of his peers.

DAVID L. NEALE ("DLN") received his B.A., Summa Cum Laude from Princeton University in 1984); his J.D. from Columbia University School of Law in 1987).  He was admitted to the New York Bar, in 1988; and the California Bar in 1989.  He was admitted to the Ninth Circuit Court of Appeals in 1989; admitted to the United States District Court for the Southern and Eastern Districts of New York in 1988; and admitted to the Central, Eastern, Northern and Southern Districts of California in 1989.  Mr. Neale has also practiced extensively in courts around the country, in venues as diverse as Oregon, Arizona, Nevada, Texas, Arkansas, Utah and Florida.  He is a Member of the American Bar Association, Association of the Bar of the City of New York, New York County Bar Association, Century City Bar Association, Beverly Hills Bar Association, Financial Lawyers' Conference, Association of Trial Lawyers of America, Turnaround Management Association, and the Commercial Law League of America. Mr. Neale is the author of "Bankruptcy and Contractual Relations in the Entertainment Industry--An Overview," 1990 Entertainment, Publishing and the Arts Handbook; "A Survey of Recent Bankruptcy Decisions Impacting upon the Entertainment Industry," 1992 - 1993 Entertainment, Publishing and the Arts Handbook;  "SEC Actions and Stays," *National Law Journal,* 2002; and "The Scope and Application of 11 U.S.C. § 1145," American Bankruptcy Institute Bankruptcy Battleground West, 2003.  He was featured as a "Mover & Shaker" by *The Deal* magazine in 2006, and has been interviewed several times by, among others, KNX news radio in Los Angeles, *Variety* magazine and the *California Real Estate Journal* on bankruptcy topics.  Mr. Neale has appeared as a speaker on the following topics before the following organizations: "Making the Best Better:  Lessons From the Battlefield," Turnaround Management Association 6th Annual Spring Meeting, 1998; "Litigation Issues in Bankruptcy," Business Torts - An Introduction and Primer, Consumer Attorneys Association of Los Angeles, 1998; "There Must Be Fifty Ways to Leave Your Troubles," Turnaround Management Association, 1998;"The Impact of State Court Decisions in Bankruptcy Court," Beverly Hills Bar Association, 2001.  He has appeared as a panelist, addressing issues relating to "Bankruptcy in the Dot-Com Economy" and "Licensing Agreements:  How to Draft and Enforce Them" for Law.Com Seminars, 2001, "Public Company Debtors and the SEC," American Bankruptcy Institute Bankruptcy Battleground West, 2003, "The 2005 Amendments to Bankruptcy Code Sections 546(c) and 547 – The Early Returns," Financial Lawyers Conference, 2008, and "Intersections in Bankruptcy, Intellectual Property and the Entertainment Industry," Southwestern Law School, Bankruptcy in the New Millenium, 2010.  Mr. Neale serves on the Board of Directors of the Financial Lawyers Conference and AIDS Project Los Angeles.  Since 2005, Mr. Neale has consistently been named by Los Angeles Magazine as one of its 100 "Super Lawyers" in the bankruptcy field.

RON BENDER, born Los Angeles, California, July 22, 1964; admitted to California Bar, 1989. Admitted to the United States District Court, Central, Eastern, Northern and Southern Districts of California and the United States Court of Appeals for the Ninth Circuit.  He is a founding and co-managing partner of the firm. With a large and diverse practice he has successfully reorganized numerous companies and restructured the financial affairs of many individuals. He is widely regarded as a highly creative, results oriented bankruptcy attorney who is able to tackle complex problems and develop and implement creative solutions. He has been listed by "Super Lawyers" as one of the top 100 lawyers in Southern California. Mr. Bender received his undergraduate degree in finance from the prestigious Wharton School of Business at

the University of Pennsylvania in 1986 where he graduated first in his class (B.S., summa cum laude), and then obtained his law degree from Stanford University Law School in 1989. During law school, Mr. Bender served as a judicial extern for the Honorable Lloyd King, U.S. Bankruptcy Court, Northern District of California Bankruptcy Court. Since graduating from law school, Mr. Bender has worked solely in the area of bankruptcy, insolvency and business reorganization, and has developed one of the largest bankruptcy practices in Southern California, including in the representation of debtors, creditors' committee, creditors, and purchasers of businesses. Mr. Bender's incredibly broad Chapter 11 debtor experience includes the representation of Bodies in Motion (a chain of fitness facilities which was sold for approximately $10 million); Small World Toys (a toy company which was sold for approximately $16 million); Intervisual (a children's book company which was sold for approximately $10 million); LightPointe Communications (a manufacturer of wireless networking equipment which was successfully reorganized); Nicola (a large olive importer and distributor which was successfully reorganized); Krispy Kreme (an owner and operator of Krispy Kreme Doughnut Stores whose case is currently pending); Pleasant Care (an owner and operator of skilled nursing facilities with annual revenue of approximately $200 million which was sold for approximately $17 million); Aura Systems (a publicly traded manufacturer of a mobile power generator which successfully reorganized); Sega GameWorks (a retail entertainment based company operating under the name of "GameWorks," with $60 million of annual revenue, which was sold for approximately $8 million); Alliant Protection Services, (a commercial and residential alarm services company with 16,000 customers, which was sold for $14.5 million); The Walking Company (a national chain of 101 retail stores selling specialty shoes and footwear, which was reorganized involving $22 million of cash, debt and stock); Gadzoox Networks (a publicly traded company engaged in the business of providing networking infrastructure for storage and data management, where one division was sold for $8.5 million and the balance of the company was reorganized); State Line Hotel, State Line Casino, Jim's Enterprises (two hotels and casinos located in West Wendover, Nevada known as the State Line Hotel and Casino and the Silver Smith Hotel and Casino, which were sold for $55 million); Management Action Programs (a management consulting firm that was reorganized); Easyrider and Paisano Publications (publicly traded publishers of thirteen national magazines catering to the motorcycle and tattoo markets, which was sold for $12.3 million); Clifford Electronics (a manufacturer of automotive aftermarket and original equipment manufacturer security systems and components, primarily for automobiles, with annual sales of $40 million, which was sold for $20 million); Chorus Line Corporation and California Fashions Industries (one of the largest apparel companies in the country with annual sales of $500 million, in a Chapter 11 liquidation); Avus (a distributor of computer systems with sales of in excess of $100 million, which was sold); A.J. Markets (chain of supermarkets sold for $5 million); Trancas Town (owner of 35 acres of raw developable land in Malibu, California that reorganized); Association of Volleyball Professionals (professional beach volleyball league sold in Chapter 11); Louise's Trattoria (chain of 16 Italian food restaurants with $30 million in annual revenue sold in Chapter 11 for $7 million); Westward Ho Markets (a supermarket chain with $50 million of annual revenue and $20 million of debt which was restructured through a confirmed Chapter 11 reorganization plan); Special Effects Unlimited (one of the largest providers of special effects in the movie industry which was restructured through a confirmed Chapter 11 reorganization plan); Santa Barbara Aerospace (a heavy aircraft maintenance facility located at the former Norton Air Force base in San Bernardino, California, which was restructured and sold); Manchester Center (a 1.5 million square foot shopping center in Fresno, California which was sold for $25 million); Marbella Golf and County Club (which is a golf and country club located

in San Juan Capistrano which was reorganized); Southwest Hospital (an acute care hospital located in Riverside which was reorganized); Servall Packaging Industries (a contract packaging company which was sold); Polaris Networks (a telecommunications networks and software company which successfully reorganized); and Prestige Products (a distributor of aftermarket automobile accessories which was sold). Mr. Bender's representation of creditors' committees includes the representation of the creditors' committees in the Chapter 11 bankruptcy cases of Trigem America (a wholly-owned subsidiary of one of the largest computer manufacturers in the world located in Korea) and Robinson Golf Holdings (the owner of a large golf resort development project).

MARTIN J. BRILL.  Mr. Brill has devoted his over 30 years of practice exclusively to bankruptcy, insolvency and business reorganizations, with particular emphasis on complex reorganizations of publicly-held companies in a wide range of industries.  Mr. Brill's expertise in the interplay between bankruptcy and securities laws has led to the successful reorganization of numerous publicly-held corporations and privately-held corporations desiring to go public, including Prism Entertainment Corporation (involving a reverse merger of the publicly-held film producer, Prism, with a privately-owned video retailer), Geo Petroleum, Inc., (successful Chapter 11 of publicly-held oil and gas company), Video City, Inc., (successful Chapter 11 for video retailer with over 75 locations involving issuance of securities for debt), and American Blood Institute, Inc. (successfully raised over $1.2 million through complex debtor financing, allowing company to emerge as publicly-held plasma company, SeraCare, Inc.).  Mr. Brill also has represented debtors, creditors, trustees, plan proponents, asset purchasers and creditors committees in a wide variety of diverse chapter 11 reorganization cases.  For example, Mr. Brill was lead counsel in representing the chapter 11 debtor in Gateway Computer Systems (a multi-store retailer of computers and related equipment), the chapter 11 debtor in Primedex Health Systems, Inc. (successful pre-packaged plan confirmed in less than 45 days for diagnostic imaging company), as well as the chapter 11 debtors in the hospital reorganization cases for Chino Valley Medical Center, Canyon Ridge Hospital, Lincoln Hospital Medical Center and the official creditors committees in Fields Aircraft Spares, Inc. (aircraft parts distributor), New Star Media, Inc.(publishing company), Henry Mayo Newhall Memorial Hospital (hospital), Daewoo Motor America, Inc. (Daewoo automobile distributor in the U.S.), Intercare Health Systems, Inc. and Vista Hospital Systems, Inc.(hospitals).  In addition, Mr. Brill has also handled numerous out-of-court workouts and restructurings, including the successful out-of-court debt restructuring for Carolco Pictures, Inc.  Mr. Brill was admitted to the California Bar in 1972.  His educational background is as follows:  University of California at Los Angeles (B.A., *cum laude*, 1969; J.D., 1972).  Associate Editor U.C.L.A. Law Review, 1971-1972.  Co-Author:  "Collective Bargaining and Politics in Public Employment," 19 U.C.L.A. Law Review 887, 1972.  He is a member of the State Bar of California and a member of the Beverly Hills, Century City, Los Angeles County (Member, Sections on:  Commercial Law; Bankruptcy) and American Bar Associations. He is currently serving on the Executive Committee of the Bankruptcy Section of the Beverly Hills Bar Association (Chairman from 2002-2003) and served on the Board of Directors of the Los Angeles Bankruptcy Forum.  He is a member of the Financial Lawyers Conference and has lectured to various trade groups and bar associations on bankruptcy and related topics.

EDWARD M. WOLKOWITZ.  Mr. Wolkowitz has focused on the areas of insolvency and commercial law during more than 30 years of practice. He has represented debtors, creditors, trustees, receivers and creditors committees in a wide variety of cases. He also serves as a

chapter 11 and chapter 7 panel trustee in the Central District of California and as a receiver for the Los Angeles Superior Court. He has extensive experience in representing various interests in complex reorganization cases in a number of different and diverse industries and has also operated a number of businesses as a trustee and receiver.  He has been involved in a number of cases that have made new law or clarified existing law in the Ninth Circuit,  including: Wolkowitz v. FDIC, 527 F. 3d 959 (9th Cir. 2008); Wolkowitz v. Beverly, 551 F. 3d 1092 (9th Cir. 2008); In re Sylmar Plaza, LP, 314 F.3d 1070 (9th Cir. 2002); Wolkowitz v. American Research Corporation, 131 F.3d 788 (9th Cir. 1999); In re Moses, 167 F.3d 470 (9th Cir. 1999); Wolkowitz v. Shearson Lehman Bros., 136 F.3d 655, cert. denied, 525 U.S. 826 (1998); In re Cheng, 943 F.2d 1114 (9th Cir. 1991); In re Qintex Entertainment, 950 F.2d 1492 (9th Cir. 1991);  In re WLB_RSK Venture, 296 B.R. 509 (Bankr. C.D. Cal. 2003).  Mr. Wolkowitz was on the faculty of Southwestern University Law School from 1978 to 1994, rejoining the faculty in 2001, teaching courses in bankruptcy, commercial transactions and business reorganization. He has also lectured extensively for the California Continuing Education of the Bar, and as a panelist in programs sponsored by the American Bankruptcy Institute, the Los Angeles Bankruptcy Forum, and the Beverly Hills Bar Association.  Between 1994 and 2002, he served as a member of the City Council of Culver City, California, including two one-year terms as Mayor of Culver City.  Mr. Wolkowitz was admitted to the California Bar in 1976.  His educational background is as follows:  California State University, Northridge, (B.A., 1971); Southwestern University Law School (J.D., *cum laude*, 1975); The University of Michigan Law School (LL.M., 1976).  His publications include: "Debtors Have New Weapons Against Involuntary Bankruptcy," Journal of Corporate Renewal 12 (December 2007);  "Bankruptcy and Family Law: A Marriage of Irreconcilable Differences", 24 B.H. Bar J. 83 (1990);  "Insolvency and Bankruptcy," (Chapter 7) California Family Law Service, Bancroft-Whitney (1986);  "Legislative Analysis--Land Use Proposals", 8 Southwestern University Law Review 216 (1976);  "Land Use Controls: Is there a Place For Everything", 6 Sw.U.L.Rev. 607 (1974).  He is a member of the State Bar of California, the American Bar Association, Los Angeles County Bar Association, the Los Angeles Bankruptcy Forum, the Financial Lawyers Conference and the National Association of Bankruptcy Trustees.  He has served as President and Vice President of the Los Angeles Bankruptcy Forum, is on the Editorial Board of the California Bankruptcy Journal and the Executive Committee of the Board of Governors of the Financial Lawyers Conference.

TIMOTHY YOO.  Mr. Yoo specializes in commercial litigation and bankruptcy.  Known throughout the region as a bankruptcy attorney who resolves difficult issues with creativity and efficiency, he consistently earns the highest rating in peer surveys, including being repeatedly listed as a "Super Lawyer."  Mr. Yoo received his undergraduate degree in business from University of Southern California with honors in 1987.  He then obtained his law degree from Loyola Law School with full merit scholarship in 1991.  Mr. Yoo completed a one-year clerkship with the Honorable Lisa Hill Fenning, United States Bankruptcy Judge for the Central District of California.  In March, 1998, he was appointed to the Panel of Chapter 7 Bankruptcy Trustees for the Central District of California.  Besides for serving as a Chapter 7 Trustee, Mr. Yoo also serves in numerous cases as a Chapter 11 Trustee, Bankruptcy Ombudsman, Liquidating Trustee and Chief Restructuring Officer.  Mr. Yoo's wide range of experience includes Taeil Media (represented a  multinational Korean corporation in one of the largest Orange County fraud cases); Destination Films (acted as Chapter 7 trustee to liquidate a large  film library); Winston Tires (represented the Chapter 7 Trustee);  Millennium-Pacific Icon Group (acted as Chapter 11

Trustee of one of the largest Korean American real estate developer); Daewoo Motors (defended creditors in preference actions); Bodies in Motion (acted as the first Consumer Privacy Ombudsman in the Central District of California to advise the court on a sale of a chain of fitness facilities); Small World Toys (represented the creditors' committee); Chorus Line Corporation and California Fashions Industries (acted as a liquidating trustee for one of the largest apparel companies in the country); IT Wheels (successfully defended a Chapter 7 Trustee in a Chapter 15 proceeding); Aoki Pacific Corporation (as Chapter 7 Trustee, completed public works projects); Dick Cepek, Inc. (acted as Chapter 7 Trustee to liquidate a chain of off-road vehicle parts stores); and Phoenix MC, Inc. (acted as the Chief Restructuring Officer for a hybrid automobile manufacturer). Mr. Yoo has lectured as a panelist in programs sponsored by Lorman Education Services, Office of the United Trustee and the National Asian Pacific American Bar Association. He also frequently writes for the Korea Times and California Continuing Education of the Bar.

DAVID B. GOLUBCHIK, born Kiev, Ukraine, January 10, 1971; admitted to bar 1996, California. Education: University of California, Los Angeles (B.A. 1992), Pepperdine University School of Law (J.D., 1996). Vice Chairman, Moot Court Board; Vice Magistrate, Phi Delta Phi International Legal Fraternity; American Jurisprudence Award in Business Reorganization in Bankruptcy. In addition to the State Bar of California, admitted to the U.S. District Court, Central, Southern, Eastern and Northern Districts of California. Law Clerk to the Honorable Thomas B. Donovan, United States Bankruptcy Court, Central District of California (1996-1997). Member, American Bar Association, Los Angeles County Bar Association, Los Angeles Bankruptcy Forum. Practice emphasizes bankruptcy, corporate insolvency and creditors' rights. Language: Russian.

DANIEL H. REISS, partner of the firm, born April 19, 1962, Los Angeles, California. Business and Professional Experience: 1990 to present, primary practice areas of bankruptcy, insolvency, business reorganization and commercial litigation. Tax Accountant with KMPG Peat Marwick, 1983-1987; Certified Public Accountant. Education and Honors: California State University, Northridge, summa cum laude, B.S., Business Administration, 1984; University of Southern California, courses in Masters in Business Taxation program, 1986; Loyola of Los Angeles Law School, J.D., 1990; St. Thomas Moore Honor Society, 1988-90; Staff and Note Editor, Loyola of Los Angeles Law Review, 1988-1990; President of Phi Delta Phi legal honor fraternity. Bar Admissions: 1990 State of California, U.S. Federal District Court for the Southern, Central, Eastern and Northern Districts of California. Professional Memberships: California State Bar, Bankruptcy and Commercial Law Sections, Los Angeles Bankruptcy Forum, The Association for Corporate Growth. Lecturer: California Credit Managers Association, "Hostile Takeovers in Bankruptcy;" Credit and Financial Services Division of the National Association of Credit Managers, "Creditors' Revenge: Involuntary Bankruptcy Petitions;" Haight, Brown & Bonesteel, L.L.P., "So, You Want to Be a Millionaire?" Voted 2006 Southern California Super Lawyer.

MONICA YOUNG KIM, born Daejon, S. Korea, June 4, 1970; admitted to bar 1995, California. Education: University of California at Berkeley (B.A., 1991); Hastings College of the Law (J.D., 1995). Law Clerk to the Honorable Jane Dickson McKeag, U.S. Bankruptcy Judge, Eastern District of California, 1995-96.

BETH ANN R. YOUNG, born Santa Monica, California, June 30, 1964; admitted to bar December, 1989, California.  Admitted to the United States District Court, Central, Eastern, Northern and Southern Districts of California and the United States Court of Appeals for the Ninth Circuit.  Education: University of California at Los Angeles (B.A., 1986); Loyola Law School (J.D., 1989).    Member: American Bar Association, Century City Bar Association, Beverly Hills Bar Association, Financial Lawyers' Conference, and Los Angeles Bankruptcy Forum. Reported Decisions: San Paolo U.S. Holding Company v. 816 South Figueroa Company (1998) 62 Cal. App. 4th 1010, 1026; and Ziello v. First Federal Bank (1995) 36 Cal. App. 4th 321, 42 Cal. Rptr. 2d 251.  Presenter: "Domestic Partnerships in California: Important New Rules Affecting Creditors," October, 2004.

IRVING M. GROSS.  Mr. Gross has practiced law in California for over 30 years.  After graduating from the University of California at Los Angeles in 1968 (B.A., *Cum Laude*), Mr. Gross attended law school at Boalt Hall, University of California at Berkeley (J.D., 1972).  After graduation from law school, Mr. Gross served as the law clerk for the Hon. Robert Firth, Judge of the United States District Court for the Central District of California.  Following his clerkship, Mr. Gross joined the Los Angeles law firm of Simon & Sheridan, a firm prominent for its expertise in federal litigation.  After becoming a partner at Simon & Sheridan, Mr. Gross joined Robinson, Wolas & Diamant, a highly regarded Los Angeles law firm specializing in insolvency and creditors' rights, and eventually became the head of the firm's litigation department.  Mr. Gross' litigation practice has always been broad-based: he has represented clients including major corporations such as McKesson Corp., Chicago Title Insurance Company, 20th Century Fox Corp., Interstate Bakeries Corp., Nutro Products, Inc. and Allstate Financial, in business, commercial, real estate and employment litigation, including jury and non-jury trials.  These include a successful eight-week jury trial in the Los Angeles Superior Court representing former bank directors sued for breach of fiduciary duty, and a successful two-week jury trial in the United States District Court defending a Fortune 100 company in a wrongful termination case. A significant part of Mr. Gross' practice involves the representation of bankruptcy trustees, chapter 11 debtors, and creditor committees and individual creditors in insolvency litigation, such as Mr. Gasket (public company in the automotive parts industry), Qintex Entertainment, Inc. (public company in the entertainment industry) and Condor Systems, Inc. (public company in the defense industry).  Mr. Gross has also represented the prevailing parties in appeals in both state and federal courts.  His published decisions include In re Rossi, 86 B.R. 220 (9th Cir. BAP 1988); First Pacific Bancorp, Inc. v. Bro, 847 F.2d 542 (9th Cir. 1988); In re Qintex Entertainment, Inc., 950 F.2d 1492 (9th Cir. 1991); Bergman v. Rifkind & Sterling, Inc., (1991) 227 Cal.App.3d 1380; In re Qintex Entertainment, Inc., 8 F.3d 1353 (9th Cir. 1993); In re Advent Management Corp., 178 B.R. 480 (9th Cir. BAP 1995); American Sports Radio Network, Inc., et al. v. Krause, 546 F.3d 1070 (9th Cir. 2008).    Mr. Gross is a member of the Litigation and Prejudgment Remedies sections of the Los Angeles County Bar Association, and the Litigation section of the American Bar Association.  Mr. Gross has also served as a judge pro tem of the Los Angeles Superior Court.

PHILIP A. GASTEIER.  Mr. Gasteier's more than 30 years of practice has  included a broad range of bankruptcy and insolvency representation, including Chapter 11 debtors, trustees in Chapter 7 and Chapter 11 cases, creditors, committees, buyers, landlords and parties to executory contracts, with particular emphasis on complex reorganizations and structuring transactions.  In his first decade of practice in Philadelphia, Mr. Gasteier successfully

represented landlords and purchasers of leasehold interests in large cases such as Food Fair and
Lionel, and participated in preparation of materials for presentation to Congress in connection
with hearings leading to the Shopping Center Amendments to the Bankruptcy Code in 1984. He
counseled extensively in connection with insolvency and bankruptcy aspects of commercial
leases for shopping centers and retail chains, and authored "Shopping Centers As Utilities Under
the Bankruptcy Code," Shopping Center Legal Update, Summer, 1983. Mr. Gasteier also
provided insolvency counseling in connection with bond and other securities transactions. Mr.
Gasteier was involved in representation of creditor or equity committees in matters including
Franklin Computer, Manson-Billard Industries and Monroe Well Service, Inc. Debtor
representation included Motor Freight Express, a multi-state motor carrier, and Dublin
Properties. Mr. Gasteier's practice in Los Angeles has included entertainment and other
intellectual property matters, such as Fries Entertainment, Inc., Qintex Entertainment, Inc., and
Hal Roach Studios, Inc. where he was primarily responsible for structuring and confirming
chapter 11 plans, as well as representation of Carolco Pictures, Inc. and Paramount Studios. He
has provided specialized insolvency counseling and litigation support in connection with
numerous transactions, licenses and other entertainment contracts. Mr. Gasteier argued In re:
Qintex Entertainment, Inc., 950 F.2d 1492 (9th Cir. 1991) to the Ninth Circuit U.S. Court of
Appeals, a principal case establishing the executory contract analysis applicable to copyright
licenses, and determining that repatriation rights constitute unsecured claims. Other debtor
representation has included Currie Technologies Inc.; Wavien, Inc; Ocean Trails L.P.; Superior
Fast Freight, Inc.; and B.U.M. International, Inc. Mr. Gasteier has been involved in creditor
committee representation in cases such as House of Fabrics, California Pacific Funding, Ltd.,
Condor Systems, Inc. and Chase Technologies, Inc. Mr. Gasteier is a graduate of the Law
School of the University of Pennsylvania (J.D. 1977) and the Ohio State University (B.A. 1974).
He was admitted to the Pennsylvania Bar in 1977 and to the California Bar in 1987. He is also a
member of the bar of the United States District Court, Central, Eastern and Northern Districts of
California; the U.S. District Court, Eastern District Court of Pennsylvania, and the Ninth and
Third Circuit Courts of Appeals. He is a member of the American Bankruptcy Institute, the
American Bar Association, the State Bar of California, the Century City Bar Association, the
Financial Lawyers Conference and the Los Angeles County Bar Association, where he served as
a member of the Bankruptcy Sub-Committee of the Section on Commercial Law and Bankruptcy
from (1990-1992). He has been active in civic affairs, and is a past President (2008-2009), Vice
President (2006-2008) and Board Member (2004-2009) of the Greater Griffith Park
Neighborhood Council, an official body of the City of Los Angeles.

JACQUELINE L. RODRIGUEZ. Ms. Rodriguez specializes in corporate and individual
insolvency, and business and bankruptcy litigation. A graduate of Loyola Marymount
University, with an undergraduate degree in International Business, and the University of
Southern California School of Law, Ms. Rodriguez was an extern to the Honorable John Ryan,
United States Bankruptcy Court and the Bankruptcy Appellate Panel in 1997. She was admitted
to the California Bar in 1998, and joined the firm in 2001. Her casework includes FAO Schwarz,
Stan Lee Media, Britches of Georgetown, Inc., Alliant Protection Services, Inc., Franchise
Pictures and Pleasant Care Corporation. She has also represented several celebrity clients in
individual bankruptcy cases. The published author of several legal articles, Ms. Rodriguez is a
member of the American Bar Association, the American Bankruptcy Institute, the Financial
Lawyers Conference, the National Association of Trial Attorneys and the Hispanic National Bar

Association. She was voted a "Rising Star" in Los Angeles Magazine's poll of Southern California best attorneys in 2006, 2007 and 2008 and is fluent in Spanish and French.

JULIET Y. OH, born Tenerife, Canary Islands (Spain), September 15, 1975; admitted to bar 2000, California. Education: Stanford University (B.A.1997), University of California, Los Angeles (J.D., 2000). Extern with the Office of the United States Trustee for the Central District of California, 1999.  In addition to the State Bar of California, admitted to the U.S. Federal District Court for the Central, Southern, and Eastern Districts of California. Member, American Bar Association, Los Angeles County Bar Association.

TODD M. ARNOLD, born Sacramento, California, December 17, 1973.  Admitted to the State Bar of California 2002.  In addition to the State Bar of California, admitted to the U.S. District Court for all Districts of California.  Education: University of California, Los Angeles (B.A. 1997), Loyola Law School, Los Angeles (J.D. 2002), *Order of the Coif*.  Extern and Law Clerk to the Honorable Thomas B. Donovan, United States Bankruptcy Judge (2002-2003). Member, American Bar Association, Los Angeles County Bar Association, American Bankruptcy Institute and Financial Lawyers Conference.

MICHELLE SHARONI GRIMBERG, born and raised in Israel, was an associate at Loeb & Loeb and Bingham McCutchen, prior to her joining LNBRB.  Ms. Grimberg specializes in complex business litigation arising before and during the bankruptcy reorganization process, in both state and federal court.  Ms. Grimberg also has experience litigating and defending probate and labor and employment disputes.  Ms. Grimberg graduated from University of California, Irvine, with a double major in Psychology and Criminology, with honors.  She then attended University of California Hastings College of the Law where she obtained her Law Degree.  Ms. Grimberg was admitted to the California Bar in 2001.

TODD A. FREALY.  Mr. Frealy represents Chapter 7 trustees throughout the Central District of California in all aspects of case administration and litigation.  Mr. Frealy also represents banks, landlords and other creditors in Chapter 11 cases and adversary proceedings. Mr. Frealy is a graduate of Southwestern University School of Law (J.D. 1998) and the University of California, Los Angeles (B.A. 1995).  He was a law clerk to the Honorable David N. Naugle, U.S. Bankruptcy Court, Central District of California, Riverside Division (1998-2000).  During law school he was an extern to the Honorable Mitchel R. Goldberg and Honorable Arthur M. Greenwald, U.S. Bankruptcy Courts for the Central District of California. He is a member of the Board of Directors for the Inland Empire Bankruptcy Forum and a member of the Los Angeles County Bar Association and the Los Angeles Bankruptcy Forum.  In 2009, Mr. Frealy was recognized as a "Rising Star" in a listing published by Super Lawyers magazine.  He was admitted to the California Bar in 1998, and is admitted to the Central, Eastern, Northern and Southern Districts of California.

<u>ASSOCIATES</u>

ANTHONY A. FRIEDMAN was born in Los Angeles, California. He received his Juris Doctor degree from the University of La Verne School of Law and his Bachelor of Arts degree from the University of California at San Diego. Mr. Friedman primarily practices in the bankruptcy area and focuses on Trustee, Debtor and Creditor representation, as well as

commercial litigation.  Prior to joining Levene Neale Bender Yoo & Brill LLP, Mr. Friedman was a judicial extern for the Honorable Kathleen Thompson, United States Bankruptcy Judge, Central District of California, an associate at Weinstein, Eisen & Levine, Greenberg & Bass, Weintraub & Aver, LLP, and most recently, Moldo Davidson Fraioli Seror & Sestanovich LLP. Mr. Friedman is admitted to practice in the state courts of California the United States District Court for the Central District of California and the 9th Circuit Court of Appeals. Mr. Friedman practices in the areas of bankruptcy, commercial litigation and corporate transactions.  Mr. Friedman is a member of the Los Angeles County Bar Association, the Los Angeles Bankruptcy Forum, the Financial Lawyer's Conference, the Commercial Law League of America, and the San Fernando Valley Bar Association. Mr. Friedman is also a volunteer in the Public Counsel Law Center Bankruptcy pro bono project.

CARMELA T. PAGAY.  Ms. Pagay is an associate at LNBRB, specializes in representation of debtors in reorganizations and liquidations, creditor committees, and Chapter 7 and Chapter 11 trustees, and bankruptcy litigation. Ms. Pagay received her Bachelor of Arts Degree in Political Science from the University of California, Los Angeles in 1994, and her Juris Doctor from Loyola Law School, Los Angeles in 1997, where she was Senior Production Editor of the Loyola of Los Angeles International and Comparative Law Journal.  Ms. Pagay is admitted to practice before the United States District Court, Central, Eastern, Northern, and Southern Districts, the Ninth Circuit Court of Appeals, and the United States Supreme Court. She is currently a member of the Beverly Hills Bar Association, Bankruptcy Section Executive Committee, the Los Angeles County Bar Association, and the Women Lawyers Association of Los Angeles, and is also an editorial board member of the Los Angeles Lawyer magazine.

KRIKOR J. MESHEFEJIAN, born, Los Angeles, California.  Admitted to California State Bar, January 2008.  Education: University of California, Irvine (B.A., 2003); University of Illinois College of Law (J.D., 2007).  Experience: Law Clerk to the Honorable Geraldine Mund, United States Bankruptcy Judge for the Central District of California, October 2007 - January 2008; Law Clerk to the Honorable Victoria S. Kaufman, United States Bankruptcy Judge for the Central District of California, March 2008 - September 2008.

JOHN-PATRICK M. FRITZ, born, New Orleans, Louisiana.  Admitted to California State Bar, December 2006.  Education: Tufts University, Massachusetts (B.A., 2001); Southwestern University School of Law (J.D., 2006).  Experience: Law Clerk to the Honorable Maureen A. Tighe, United States Bankruptcy Judge for the Central District of California, August 2007 – August 2009.

**EXHIBIT B**

LAW OFFICES

**LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.**

10250 Constellation Boulevard, Suite 1700
Los Angeles, California 90067
Telephone No. (310) 229-1234
Telecopier No. (310) 229-1244

**2010 HOURLY BILLING RATES**

| ATTORNEYS | RATE |
|---|---|
| DAVID W. LEVENE | $585.00 |
| DAVID L. NEALE | 585.00 |
| RON BENDER | 585.00 |
| MARTIN J. BRILL | 585.00 |
| EDWARD M. WOLKOWITZ | 585.00 |
| TIMOTHY J. YOO | 585.00 |
| DAVID B. GOLUBCHIK | 540.00 |
| MONICA Y. KIM | 540.00 |
| BETH ANN R. YOUNG | 540.00 |
| DANIEL H. REISS | 540.00 |
| IRVING M. GROSS | 540.00 |
| PHILIP A. GASTEIER | 540.00 |
| JACQUELINE L. RODRIGUEZ | 485.00 |
| JULIET Y. OH | 485.00 |
| MICHELLE S. GRIMBERG | 485.00 |
| TODD M. ARNOLD | 485.00 |
| TODD A. FREALY | 485.00 |
| ANTHONY A. FRIEDMAN | 415.00 |
| CARMELA T. PAGAY | 415.00 |

| | |
|---|---|
| JOHN-PATRICK M. FRITZ | 335.00 |
| KRIKOR J. MESHEFEJIAN | 335.00 |
| LINDSEY L. SMITH | 225.00 |
| PARAPROFESSIONALS | 195.00 |

**EXHIBIT C**

TIMOTHY J. YOO (SBN 155531)
MONICA Y. KIM (SBN 180139)
LINDSEY L. SMITH (SBN 265401)
LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
10250 Constellation Boulevard, Suite 1700
Los Angeles, California 90067
Telephone:  (310) 229-1234
Facsimile:  (310) 229-1244
Email: tjy@lnbyb.com, myk@lnbyb.com, lls@lnbyb.com

Proposed Attorneys for Chapter 11 Debtor and Debtor in Possession

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re | ) Case No. 2:10-bk-45503-RN |
| | ) |
| SELIM AMERICA, INC., a New York corporation, | ) Chapter 11 |
| | ) |
| | ) |
| Debtor. | ) **NOTICE OF APPLICATION OF DEBTOR AND DEBTOR IN POSSESSION TO EMPLOY LEVENE, NEALE, BENDER, YOO & BRILL L.L.P. AS BANKRUPTCY COUNSEL** |
| | ) |
| | ) [No Hearing Required – Local Bankruptcy Rule 2014-1(b)] |

PLEASE TAKE NOTICE that Selim America, Inc., a New York corporation, Chapter 11 debtor and debtor in possession herein (the "Debtor"), has filed an application (the "Application") to employ the law firm of Levene, Neale, Bender, Yoo & Brill L.L.P. ("LNBYB") as the Debtor's bankruptcy counsel effective August 23, 2010, the date of the filing of the Debtor's Chapter 11 bankruptcy case. A copy of the complete application is on file with the Court

and may be obtained by submitting a written request to LNBYB, whose name, address and

facsimile number are set forth in the upper left-hand corner of the first page of this Notice.

**PLEASE TAKE FURTHER NOTICE** that concurrently with the Debtor, a voluntary

petition was filed by the Debtor's affiliate, Selim Textile, Inc., a New York corporation ("Selim

Textile"), Case Number 2:10-bk-45505-RN.  The Debtor owed Selim Textile the sum of

approximately $53,000,000 as of the Petition Date.  The Debtor and Selim Textile may seek to

substantively consolidate their cases.  Selim Textile has also filed an application in its case to

employ LNBYB as its bankruptcy counsel.

**PLEASE TAKE FURTHER NOTICE** that the Debtor seeks to employ LNBYB as its

bankruptcy counsel to render, among others, the following types of professional services:

        a.    advising the Debtor with regard to the requirements of the Bankruptcy

Court, Bankruptcy Code, Bankruptcy Rules and the Office of the United States Trustee as they

pertain to the Debtor;

        b.    advising the Debtor with regard to certain rights and remedies of its

bankruptcy estate and the rights, claims and interests of creditors;

        c.    representing the Debtor in any proceeding or hearing in the Bankruptcy

Court involving its estate unless the Debtor is represented in such proceeding or hearing by other

special counsel;

        d.    conducting examinations of witnesses, claimants or adverse parties and

representing the Debtor in any adversary proceeding except to the extent that any such adversary

proceeding is in an area outside of LNBYB's expertise or which is beyond LNBYB's staffing

capabilities;

        e.    preparing and assisting the Debtor in the preparation of reports,

applications, pleadings and orders including, but not limited to, applications to employ

professionals, interim statements and operating reports, initial filing requirements, schedules and statement of financial affairs, lease pleadings, cash collateral pleadings, financing pleadings, and pleadings with respect to the Debtor's use, sale or lease of property outside the ordinary course of business;

        f.      representing the Debtor with regard to obtaining use of debtor in possession financing and/or cash collateral including, but not limited to, negotiating and seeking Bankruptcy Court approval of any debtor in possession financing and/or cash collateral pleading or stipulation and preparing any pleadings relating to obtaining use of debtor in possession financing and/or cash collateral;

        g.      assisting the Debtor in the negotiation, formulation, preparation and confirmation of a plan of reorganization and the preparation and approval of a disclosure statement in respect of the plan; and

        h.      performing any other services which may be appropriate in LNBYB's representation of the Debtor during its bankruptcy case.

**PLEASE TAKE FURTHER NOTICE** that because LNBYB's practice is limited exclusively to matters of bankruptcy, insolvency and reorganization law, the services provided by LNBYB do not include the rendition of substantive legal advice outside of these areas such as corporate, tax, securities, tort, environmental, labor, criminal, real estate law or real estate litigation. LNBYB will not be required to represent or advise the Debtor in matters which LNBYB believes are beyond LNBYB's expertise such as the areas of law just described. In addition, LNBYB will not be required to represent the Debtor in matters where LNBYB determines that it lacks the ability to staff the matter adequately, such as in certain, major complex litigation.

**PLEASE TAKE FURTHER NOTICE** that during the one-year period prior to its Chapter 11 filing, the Debtor and Selim Textile paid the total sum of $110,000 (the "Retainer") to LNBYB for legal services in contemplation of and in connection with the Debtor's and Selim Textile's Chapter 11 cases. The Chapter 11 filing fee was paid out of the Retainer. The Debtor advised LNBYB that the source of the Retainer was the Debtor's and Selim Textile's funds.

**PLEASE TAKE FURTHER NOTICE** that in addition to the Retainer, LNBYB will seek Court authority to be paid from the Debtor's estate for any and all fees incurred and expenses advanced by LNBYB in excess of the Retainer. LNBYB recognizes that payment of any such additional fees and expenses will be subject to further Court order after notice and a hearing. The Debtor expects that Timothy J. Yoo, Esq. and Monica Y Kim, Esq. will be the primary attorneys at LNBYB responsible for the representation of the Debtor during its Chapter 11 case. The current hourly billing rates for the foregoing attorneys are $585 and $540, respectively.

**PLEASE TAKE FURTHER NOTICE** that the Application is based on this Notice, the Application, the Declaration of Monica Y. Kim, Esq. submitted in support of the Application, the entire record of the case, and any other evidence properly presented to the Court in support of the Application.

**PLEASE TAKE FURTHER NOTICE** that the pursuant to Local Bankruptcy Rule 2014-1(b)(3)(E), any response and request for a hearing, in the form required by Local Bankruptcy Rule 9013-1(f)(1), must be filed and served on the Debtor, LNBYB and the Office of the United States Trustee no later than 14 days following the date of service of this Notice.

///

///

///

///

**PLEASE TAKE FURTHER NOTICE** that the failure to file a timely objection to the Application or request for a Bankruptcy Court hearing on the Application may be deemed by the Bankruptcy Court to constitute consent to Bankruptcy Court approval of the Application.

Dated: August 25, 2010                    SELIM AMERICA, INC.

                                          By: _____ /s/ Monica Y. Kim _____
                                          TIMOTHY J. YOO
                                          MONICA Y. KIM
                                          LINDSEY L. SMITH
                                          LEVENE, NEALE, BENDER, YOO
                                              & BRILL L.L.P
                                          Proposed Attorneys for Chapter 11 Debtor and
                                          Debtor in Possession

| In re  SELIM AMERICA, INC.,                     Debtor(s). | CHAPTER  11<br>CASE NO 2:10-bk-45503-RN |
|---|---|

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 10250 Constellation Blvd., Ste. 1700, Los Angeles, CA  90067

A true and correct copy of the foregoing document described as **NOTICE OF APPLICATION OF DEBTOR AND DEBTOR IN POSSESSION TO EMPLOY LEVENE, NEALE, BENDER, YOO & BRILL L.L.P. AS BANKRUPTCY COUNSEL** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I.   TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **August 25, 2010** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

    * Russell Clementson    russell.clementson@usdoj.gov
    * Monica Y Kim    myk@lnbrb.com
    * United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

☐   Service information continued on attached page

**II.  SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On  **August 25, 2010** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

**VIA U.S. MAIL -** SEE ATTACHED LIST OF CREDITORS

☒   Service information continued on attached page

**III.   SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **August 25, 2010**  I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge <u>will be</u> completed no later than 24 hours after the document is filed.

**VIA ATTORNEY MESSENGER**
Hon. Richard Neiter
U.S. BANKRUPTCY COURT
255 E. Temple Street, Ctrm 1645
Los Angeles, CA  90012

☐   Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct

| **August 25, 2010** | Angela Antonio | /s/ Angela Antonio |
|---|---|---|
| _Date_ | _Type Name_ | _Signature_ |

1

In re Selim America, Inc.
Case No. 2:10-bk-45503-RN
MML

**SERVED VIA U.S. MAIL OR NEF (\*)**

SELIM AMERICA, INC., a New York
corporation
Attn: June Yong Kim
725 S. Figueroa Street, Suite 3070
Los Angeles, CA 90017

Monica Y. Kim *
Levene, Neale, Bender, Yoo & Brill LLP
10250 Constellation Blvd.
Suite 1700
Los Angeles, CA 90067

U.S. Trustee *
Ernst & Young Plaza
725 S. Figueroa Street, 26th Floor
Los Angeles, CA 90017

EYP Realty LLC
725 S. Figueroa Street, Suite 1850
Los Angeles, CA 90017

Internal Revenue Service
P.O. Box 21126
Philadelphia, PA 19114

Keystone Textile
2541 S. Alameda Street
Los Angeles, CA 90058

New York State Dept of Tax/Finance
ATT: Office of Counsel
Building 9, W.A. Harriman Campus
Albany, NY 12227

Sang Hee Yoon
1437 Wildwood Drive
Los Angeles, CA 90041

Selim Textile, Inc.
725 S. Figueroa Street, Suite 3070
Los Angeles, CA 90017

Susan Kang
17320 Larisa Drive
Cerritos, CA 90703

| In re  SELIM AMERICA, INC.,                          Debtor(s). | CHAPTER  11<br>CASE NO 2:10-bk-45503-RN |
|---|---|

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 10250 Constellation Blvd., Ste. 1700, Los Angeles, CA  90067

A true and correct copy of the foregoing document described as **APPLICATION OF DEBTOR AND DEBTOR IN POSSESSION TO EMPLOY LEVENE, NEALE, BENDER, YOO & BRILL L.L.P. AS BANKRUPTCY COUNSEL; DECLARATION OF MONICA Y. KIM, ESQ. IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **August 25, 2010** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

    * Russell Clementson     russell.clementson@usdoj.gov
    * Monica Y Kim    myk@lnbrb.com
    * United States Trustee (LA)     ustpregion16.la.ecf@usdoj.gov

☐  Service information continued on attached page

II.  **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:** On **August 25, 2010** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**None.**

☐  Service information continued on attached page

III.  **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **August 25, 2010**  I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.   Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

**VIA ATTORNEY MESSENGER**
Hon. Richard Neiter
U.S. BANKRUPTCY COURT
255 E. Temple Street, Ctrm 1645
Los Angeles, CA  90012

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct

| August 25, 2010 | Angela Antonio | /s/ Angela Antonio |
|---|---|---|

1