TIMOTHY J. YOO (SBN 155531)
MONICA Y. KIM (SBN 180139)
MICHELLE S. GRIMBERG (SBN 217327)
LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
10250 Constellation Blvd., Suite 1700
Los Angeles, California 90064
Telephone:    (310) 229-1234
Facsimile:    (310) 229-1244

Attorneys for Debtor and Debtor in Possession

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>SELIM AMERICA, INC., a New York corporation<br><br>　　　　　　　　　Debtor. | Case No. 2:10-bk-45503-RN<br><br>Chapter 11<br><br>**STIPULATION BETWEEN DEBTOR AND FRONTIER LOGISTICS SERVICES PROVIDING FOR RELEASE OF INVENTORY, ADEQUATE PROTECTION, AND PAYMENTS** |

**TO THE HONORABLE RICHARD NEITER, UNITED STATES BANKRUPTCY JUDGE:**

This Stipulation is hereby entered into pursuant to Sections 361 and 363 of the Bankruptcy Code by and between Selim America, Inc., debtor and debtor in possession herein, and its affiliate, Selim Textile, Inc., which is also a debtor and debtor in possession in a related

Chapter 11 case pending before this Court (Case No. 2:10-bk-45505-RN) (collectively, the "Debtors"), on the one hand, and F.R.T. International, Inc. dba Frontier Logistics Services ("Frontier"), on the other hand, with reference to the following:

1. On August 23, 2010 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. The Debtors continue to operate their business, manage their financial affairs and operate their bankruptcy estates as debtors in possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

2. The Debtors are in the business of importing various textile goods (e.g., yarns and fabrics) from foreign suppliers, and re-selling those goods to domestic customers.

3. Pre-petition, Frontier provided various warehouse functions for the Debtors. In particular, the Debtors receive and ship inventory at and through Frontier's business premises located in Compton, California, and also prepay on behalf of Debtors certain custom and excise taxes and charges. There is no written agreement or contract between the parties; however, Frontier and the Debtors have had an ongoing business arrangement for approximately two years prior to the Petition Date.

4. On the Petition Date, the Debtors owed Frontier approximately $2,371,485, plus interest and reasonable attorneys fees as may be allowed by applicable non-bankruptcy law (the "Pre-Petition Charges") on account of pre-petition services that Frontier provided to the Debtors. Also on the Petition Date, Frontier was in possession of inventory of the Debtors which the parties agree had a value in excess of $10,000,000, which is also in excess of the Pre-Petition Charges.

5. On August 26, 2010, Frontier voluntarily released to the Debtors all of the Debtors' inventory in Frontier's possession except for that portion of the total inventory which the parties have agreed has a value of approximately $2.5Million (the "Holdback Inventory"). A

2

listing of the Holdback Inventory is identified in <u>Exhibit A</u> attached hereto.

6. Frontier asserts that it has a valid and perfected warehouse lien in accordance with applicable non-bankruptcy law, including but not limited to California Civil Code Section 3051 against all of the inventory in its possession as of the Petition Date, and the Holdback Inventory in its possession to secure the Debtors' payment obligations to Frontier and that, as a result, Frontier's claim for payment of the Pre-Petition Charges is a fully secured claim.  Moreover, Frontier asserts it has set off rights recognized in Section 553 of the Bankruptcy Code. The Debtor has not agreed to or acknowledged such assertions, but the parties intend to attempt to resolve this issue as quickly as possible in a cooperative manner.

7. Frontier has further agreed to release the Debtors' Holdback Inventory in its possession to the Debtors pursuant to the terms of this Stipulation.

NOW, THEREFORE, FOR GOOD AND VALUABLE CONSIDERATION, THE RECEIPT AND SUFFICIENCY OF WHICH ARE HEREBY ACKNOWLEDGED, THE DEBTORS AND FRONTIER HEREBY AGREE AS FOLLOWS:

A. As and for adequate protection of its purported secured claim, Frontier shall continue to hold and maintain the Holdback Inventory in a manner consistent with the parties' prior and customary practices and the terms of this Stipulation and shall not release such inventory to any third party.

B. The Debtors hereby agree to repay the Pre-Petition Charges in periodic installments. The payments shall be: (1) made directly to Frontier in the event the parties have reached an agreement regarding the validity, priority and final amount of the warehouseman's lien asserted by Frontier, which agreement has been approved by Court order, or (2) if such an agreement has not been reached and approved, made into an escrow account that is mutually agreeable to all of the parties and held in escrow pending resolution of the status of the

warehouseman's lien asserted by Frontier and determination as to the secured status of Frontier's claim. The funds placed into escrow, if any, shall be subject to the rights and liens asserted by Frontier to the same amount, validity and priority as Frontier's pre-petition rights and liens on the Debtors' Holdbank Inventory in Frontier's possession on the Petition Date. To the extent there is agreement as to some, but not all, of the claimed Pre-Petition Charges, the Debtors shall pay the uncontested amounts to Frontier directly pursuant to Section B(1) above, and escrow the balance for further determination of the Court.

C. Upon payment by the Debtors of the Pre-Petition Charges pursuant to the terms of Paragraph B, Frontier hereby agrees to immediately release to the Debtors the value of the Holdback Inventory that is equal to the amount of the payment received. The Debtors shall retain the discretion to select the items of the inventory to be released under this provision of the Stipulation. In the event there is a dispute with respect to the amount to be released, the parties will bring such a matter before the Court.

D. In addition to the Pre-Petition Charges, in the event Frontier provides post-petition services to the Debtors and so long as the Debtors have Court authority to use cash collateral to operate their business, the Debtors and Frontier shall present such further stipulation as is appropriate at that time.

E. All rights of the parties are fully reserved and preserved with respect to the validity, priority and extent of the liens and claims asserted by Frontier.

F.   No term of this Stipulation may be modified except with the written consent of both the Debtors and Frontier.

Agreed:

LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.

_/s/ Monica Y. Kim_
Monica Y. Kim, Esq.
Counsel for Debtors

Agreed:

SQUIRE SANDERS & DEMPSEY L.L.P.

_/s/ Thomas J. Salerno_
Thomas J. Salerno, Esq.
Counsel for F.R.T. International, Inc., dba Frontier Logistics Services

# EXHIBIT A

Holdback Inventory

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| HJCU7682970 | 8/19/2009 | SINGLE JERSEY 30/1 | Fabric | 4 | 523 | $3.50 | 10460 |
| | | Rayon MVS 40/1 | BLACK | 185K | 112 | $4.40 | 2800 |
| HJCU8460221 | 9/14/2009 | Rayon MVS 40/1 | GREEN | 186K | 193 | $4.40 | 4825 |
| | | Rayon MVS 40/1 | NA | 793KM8 | 216 | $4.40 | 5400 |
| | | Rayon MVS 40/1 | NA | 893KMA | 204 | $4.40 | 5100 |
| HJCU1375175 | 9/14/2009 | Rayon MVS 40/1 | NA | 893KMB | 280 | $4.40 | 7000 |
| TGHU4574220 | 9/14/2009 | CM 30/1 Single Jersey | Fabric | 8 | 578 | $3.50 | 11560 |
| Return From Leko | 11/6/2009 | CM 30/1 S.Jersey | Fabric | NA | 168 | $3.50 | 3360 |
| Return from We Tex | 11/11/2009 | MVS RA 40/1 | NA | 175K | 673 | $4.40 | 35000 |
| Return from Delta Dyeing | 11/13/2009 | Return Fabric | Fabric | NA | 382 | $3.50 | 7640 |
| Return from Delta Dyeing | 11/13/2009 | Return Fabric | Fabric | NA | 533 | $3.50 | 10660 |
| HJCU1152818 | 11/19/2009 | POLY 40S/1 | NA | NA | 251 | $3.00 | 12000 |
| Returned From Don&K | 12/10/2009 | CM22S/1 SLUB | NA | 427-07 | 462 | $4.00 | 11550 |
| | 12/10/2009 | CM22S/1 SLUB | NA | 427-07 | 108 | $4.00 | 2700 |
| Returned From Richline | 12/10/2009 | Used Yarn | NA | 427-07 | 14 | $3.90 | 350 |
| | | POLY 30S/1 | NA | 8300-1 | 201 | $4.00 | 1000 |
| Return from CK21-1 | 12/18/2009 | POLY 30S/1 | NA | VI-5 | 15 | $4.00 | 68 |
| Return from CK21-2 | 12/18/2009 | Multi Lot | NA | Multi Lot | 78 | $2.00 | 10000 |
| | 12/23/2009 | RA/CA (60/40) 40S/1 | NA | VI-8-3Z | 57 | $4.00 | 570 |
| | 12/23/2009 | RA TM 40S/1 | NA | NNV04 | 225 | $5.00 | 22500 |
| Return from CK21-3 | 12/23/2009 | RA Open 40S/1 | NA | NNV04.OE | 150 | $4.00 | 15000 |
| INKU2214560 | 2/24/2010 | RAYON NE 40/1 | NA | RY1205 | 820 | $4.50 | 20000 |
| HDMU6331836 | 12/28/2009 | CM 40/1 SLUB | NA | 468-11 | 720 | $5.00 | 17000 |
| | | CM Slub NE 30/1 | NA | 218-11 | 90 | $5.00 | 450 |

Holdback Inventory

| | | | | | | |
|---|---|---|---|---|---|---|
| HDMU6667857 | 12/29/2009 | CM Slub NE 30/1 | NA | 218-12 | 30 | $5.00 | 150 |
| | | **Fabric (Style#2118)** | **Fabric** | | | | 1280 |
| | | RA Open 40S/1 | NA | NNV04.OE | | 208 | $4.00 | 5200 |
| | | PO/RA (50/50) | NA | | 902 | 130 | $3.50 | 1300 |
| Return from CK21-4 | 12/29/2009 | Used PO/RA (50/50) | NA | | 902 | 5 | $3.50 | 50 |
| HJCU1344889 | | CM Slub 22/1 | NA | 427-11 | | 168 | $4.00 | 4200 |
| | 1/6/2010 | CM Slub 22/1 | NA | 427-12 | | 562 | $4.00 | 14000 |
| LTIU6017381 | 6/8/2010 | RAYON Open NE 30/1 | NA | | 43 | 920 | $3.92 | 21000 |
| EMCU1357751 | 6/8/2010 | RAYON Open NE 30/1 | NA | | 43 | 920 | $3.92 | 21000 |
| EMCU1360375 | 5/28/2010 | RAYON NE 30/1 | NA | | 43 | 920 | $3.92 | 21000 |
| TRLU6770032 | 7/7/2010 | Rayon NE 30/1 | NA | | 362 | 920 | $3.92 | 21000 |
| HMCU1010240 | 7/23/2010 | Rayon NE 30/1 | NA | | 362 | 920 | $3.92 | 21000 |
| IMTU1093956 | 7/23/2010 | Rayon NE 30/1 | NA | | 362 | 920 | $3.92 | 21000 |
| EISU9083460 | 7/7/2010 | Rayon NE 30/1 | NA | 08/KT/10 | | 720 | $3.94 | 22000 |
| IMTU9074510 | 7/7/2010 | Rayon NE 30/1 | NA | 08/KT/10 | | 720 | $3.94 | 22000 |
| TRLU7296550 | 7/7/2010 | Rayon NE 30/1 | NA | 08/KT/10 | | 720 | $3.94 | 22000 |
| FSCU9845559 | 7/13/2010 | Rayon NE 30/1 | NA | 08/KT/10 | | 720 | $3.94 | 22000 |
| EISU9064304 | 7/13/2010 | Rayon NE 30/1 | NA | 08/KT/10 | | 720 | $3.94 | 22000 |
| GLDU7444184 | 7/13/2010 | Rayon NE 30/1 | NA | 08/KT/10 | | 720 | $3.94 | 22000 |
| GATU87760570 | 7/27/2010 | (Taihwalon) Rayon NE 30/1 | NA | 235L | | 436 | $4.00 | 20000 |
| HMCU9083984 | 7/27/2010 | (Taihwalon) Rayon NE 30/1 | NA | 235L | | 436 | $4.00 | 20000 |

| In re  SELIM AMERICA, INC.,<br><br>                                                          Debtor(s). | CHAPTER  11<br>CASE NO 2:10-bk-45503-RN |
|---|---|

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 10250 Constellation Blvd., Ste. 1700, Los Angeles, CA  90067

A true and correct copy of the foregoing document described as **STIPULATION BETWEEN DEBTOR AND FRONTIER LOGISTICS SERVICES PROVIDING FOR RELEASE OF INVENTORY, ADEQUATE PROTECTION, AND PAYMENTS**   will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **August 27, 2010** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:
   * Russell Clementson     russell.clementson@usdoj.gov
   * Monica Y Kim      myk@lnbrb.com
   * Lindsey L Smith      lls@lnbrb.com
   * United States Trustee (LA)     ustpregion16.la.ecf@usdoj.gov
                                                      ☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On  **August 27, 2010** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

None.
                                                      ☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **August 27, 2010**  I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

**VIA ATTORNEY MESSENGER**
Hon. Richard Neiter
U.S. BANKRUPTCY COURT
255 E. Temple Street, Ctrm 1645
Los Angeles, CA  90012
                                                      ☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct

| **August 27, 2010** | Angela Antonio | */s/ Angela Antonio* |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.
*January 2009*                                                                                                                              **F9013-3.1**