TIMOTHY J. YOO (SBN 155531)
MONICA Y. KIM (SBN 180139)
LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
10250 Constellation Blvd., Suite 1700
Los Angeles, California 90067
Telephone: (310) 229-1234
Facsimile: (310) 229-1244

Proposed Attorneys for Chapter 11 Debtor and Debtor in Possession

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**(LOS ANGELES DIVISION)**

| | |
|---|---|
| In re:<br><br>SELIM AMERICA, INC.<br><br>    Debtor.<br>_____<br><br>SELIM TEXTILE, INC.<br><br>    Debtor.<br>_____<br><br>☒ Affects Both Debtors<br><br>☐ Affects Selim America, Inc. only<br><br>☐ Affects Selim Textile Inc. only | CASE NO. 2:10-bk-45503-RN<br>CASE NO. 2:10-bk-45505-RN<br><br>Chapter 11<br><br>**DEBTORS' OBJECTION TO EMERGENCY MOTION FOR APPOINTMENT OF CHAPTER 11 TRUSTEE AND SEQUESTRATION OF CASH COLLATERAL; DECLARATION OF MONICA Y. KIM**<br><br>[No Hearing Required |

**TO THE HONORABLE RICHARD M. NEITER, UNITED STATES BANKRUPTCY JUDGE:**

Selim America, Inc. ("America") and Selim Textile, Inc. ("Textile"), Chapter 11 debtors and debtors in possession herein (collectively, the "Debtors"), hereby file their objection to the setting of a hearing on an "emergency" basis on the motion filed by Hwaseung Networks America, Corp. ("Hwaseung") for appointment of Chapter 11 trustee and sequestration of cash collateral. In support of its objection, the Debtors respectfully represent as follows:

1.     Hwaseung, which has damaged and is trying to take over the Debtors' business, claims that there is "overwhelming evidence" that the Debtors' principal has engaged in RICO violations, fraud, fraudulent transfers and other bad acts; however, all of these claims are simply claims that have been alleged in federal lawsuit that was commenced by Hwaseung on or around the Petition Date in the United States District Court for the Southern District of New York. Therefore, Hwaseung "overwhelming evidence" is nothing but mere allegations. The Debtors have also filed complaints commencing adversary proceedings against Hwaseung seeking, among other things, declaratory relief (as to the validity, priority and extent of lien and amount of claims), damages for intentional interference with contract, intentional interference with prospective economic advantage, and negligent interference with business relationships, (iii) damages for willful and intentional violation of the automatic stay; and (iv) permanent injunction.

2.     The Debtors have closed all of their pre-petition bank accounts and opened debtor in possession accounts ("DIP Accounts") as required by the Office of the United States Trustee ("OUST"). In addition, the Debtors have not yet filed their motion for authority to use cash collateral. Therefore, the Debtors are not currently spending any of its cash and all of the current cash is be maintained in the DIP Accounts, consistent with the requirements of the OUST. Therefore, Hwaseung's "emergency" request for sequestration is a red-herring.

3.     Attached as Exhibit "1" is the e-mail communication between counsel for the Debtors and counsel for Hwaseung. As set forth therein, Hwaseung has a loan agreement with Textile, not America. Hwaseung only has a UCC financing statement (which the Debtors consent is defective, and, therefore, voidable pursuant to Section 544 of the Bankruptcy Code) against Textile. It is, however, America that holds the inventory and the accounts receivable; therefore, the Debtors disagree with Hwaseung's position that it has any interest in the cash

generated by America. Additionally, counsel for Hwaseung was advised that the estates are not using any cash right now and will not do so without a court order. In any event, when the Debtors file their request for authority to use cash collateral, the liens of all creditors will be fully described.

4. Hwaseung further contends that June Yong Kim demanded a third party warehouse to release the Debtors' inventory as property of the estate. Through Debtors' counsel, the Debtors did in fact demand that a third party warehouse, known as Frontier, release estate property because it was holding in excess of $10 million of inventory when it was owed $2.4 million. Indeed, counsel for Frontier and counsel for the Debtors agreed that there was no basis for Frontier to hold any inventory of the estates in excess of $2.5 million; therefore, Frontier has been releasing such excess inventory and the parties entered into an adequate protection stipulation as to the inventory that was held back. It was the Debtors' fiduciary obligation to obtain the release of the inventory and not have such inventory held hostage by Frontier and Hwaseung (which the Debtors believe is exerting undue pressure on Frontier to give Hwseung confidential and proprietary information such as customer information to Hwaseung as alleged in the Debtors' complaints).

5. There is absolutely no "emergency" as maintained by Hwaseung. The Debtors vigorously dispute the allegations made by Hwaseung, which inevitably will be considered by this Court in connection with the adversary proceeding filed by the Debtors against Hwaseung and/or claims filed by Hwaseung in these cases. The Debtors believe that, ultimately, the allegations will be proven to be without any merit, and that its allegations against Hwaseung will be proven to be true.

5. There is no "emergency" with regard to operational matters as well. The Debtors are not spending any cash collateral of any creditor and will not do so absent a Court order. The

proceeds of any post-petition sales will also be placed into the DIP Accounts and will not be used absent a Court order.  In fact, the Debtors will be filing their cash collateral motion, with a request that the hearing be set on shortened time, in a few days.

6. The Debtors reserve their rights to file their substantive objection to the Motion in the event a hearing is set on any emergency or shortened time basis.

WHEREFORE, based on the foregoing, the Debtors request that the request for an emergency hearing on the Motion be denied at this time.

Dated:  August 31, 2010        SELIM AMERICA, INC. AND SELIM TEXTILE, INC.


By:     */s/ Monica Y. Kim*        ___
        Timothy J. Yoo
        Monica Y. Kim
        LEVENE, NEALE, BENDER, YOO
              & BRILL L.L.P.
        Proposed Attorneys for Chapter 11 Debtors
        and Debtors in Possession

## DECLARATION OF MONICA Y. KIM

I, Monica Y. Kim, hereby declare as follows:

1. I am a member of Levene, Neale, Bender, Yoo & Brill L.L.P., bankruptcy counsel to Selim America, Inc. ("America") and Selim Textile, Inc. ("Textile"), debtors and debtors in possession herein (collectively, the "Debtors"). I have personal knowledge of the facts set forth herein, and, if called as a witness, could and would testify competently with respect thereto.

2. Attached hereto as Exhibit "1" is the e-mail communication between counsel for the Debtors and counsel for Hwaseung.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 31ST day of August 2010 at Los Angeles, California.

                                  */s/ Monica Y. Kim*
                                  MONICA Y. KIM

5

# EXHIBIT 1

## Monica Y. Kim

**From:** Monica Y. Kim
**Sent:** Friday, August 27, 2010 4:02 PM
**To:** 'Samuel Oh'; Timothy J. Yoo
**Subject:** RE: In re Selim Entities

Sam, welcome to this case.

Your timing was impeccable because we just filed a complaint against your client in the bankruptcy court. My secretary is right in the middle of filing it, so I will send it to you shortly.

Your client, through Jeff Jones (who I understand is outside counsel from Korea), has been asking Tim and me for AR information because your client is apparently interested in pursuing a settlement with my clients and their principal whereby they acquire all of our existing inventory and AR for some price. I am working on getting a proposal to your side and will also get that to you as soon as I can.

With regard to your letter, your client has loan agreements with Texile, not America. Your client only has a UCC (and a defective one at that) against Textile. It's America that holds the inventory and AR, so we disagree that your client has any interest in the cash generated by America. Even if these assets belonged to Textile (which they do not), as I said, the filing is defective. I am working out cash collateral issues with Prime Business Credit (Steve Kurtz and Elan Levey), which is the only entity that has a lien on America's assets. We are not using any cash right now and will not do so without a court order. As we will explain in our papers, we will definitely object to your client have any valid liens on the cash collateral.

Monica

---

**From:** Samuel Oh [mailto:sam.oh@limruger.com]
**Sent:** Friday, August 27, 2010 2:56 PM
**To:** Timothy J. Yoo; Monica Y. Kim
**Subject:** In re Selim Entities

Dear Tim and Monica,

Please see attached letter. Look forward to working with you on this matter.

Tim, congrats on becoming a name partner at LNBYB.

Regards,

Samuel S. Oh
LIM, RUGER & KIM, LLP
1055 West Seventh Street, Suite 2800
Los Angeles, CA 90017
Ph (213) 955-9500 X122
Fax (213) 955-9511
Email: sam.oh@limruger.com
Web site: www.limruger.com

8/31/2010

Internal Revenue Service regulations require that certain types of written advice include a disclaimer. To the extent the preceding message (including any attachment) contains advice relating to a Federal tax issue, unless expressly stated otherwise the advice is not intended or written to be used, and it cannot be used by the recipient or any other taxpayer, for the purpose of avoiding Federal tax penalties, and was not written to support the promotion or marketing of any transaction or matter discussed herein.

This message and any attached documents contain information from the law firm of Lim, Ruger & Kim, LLP that may be confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or use this information. If you have received this transmission in error, please notify the sender immediately by reply email and then delete this message

8/31/2010

| In re SELIM AMERICA, INC.,<br><br>Debtor(s). | CHAPTER 11<br>CASE NO 2:10-bk-45503-RN |
|---|---|

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 10250 Constellation Blvd., Ste. 1700, Los Angeles, CA 90067

A true and correct copy of the foregoing document described as **DEBTORS' OBJECTION TO EMERGENCY MOTION FOR APPOINTMENT OF CHAPTER 11 TRUSTEE AND SEQUESTRATION OF CASH COLLATERAL; DECLARATION OF MONICA Y. KIM** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **August 31, 2010** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:
  * Russell Clementson     russell.clementson@usdoj.gov
  * Monica Y Kim     myk@lnbrb.com
  * Monica Y Kim     myk@lnbyb.com
  * Sam S Oh     sam.oh@limruger.com, julie.yu@limruger.com;amy.lee@limruger.com
  * Lindsey L Smith     lls@lnbrb.com
  * United States Trustee (LA)     ustpregion16.la.ecf@usdoj.gov     ☐ Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On **August 31, 2010** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

None.
☐ Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **August 31, 2010** I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

**VIA ATTORNEY MESSENGER**
Hon. Richard Neiter
U.S. BANKRUPTCY COURT
255 E. Temple Street, Ctrm 1645
Los Angeles, CA 90012
☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct

| **August 31, 2010** | Angela Antonio | */s/ Angela Antonio* |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

1