1  Mark S. Horoupian (CA Bar No. 175373)
     mhoroupian@sulmeyerlaw.com
2  Avi E. Muhtar (CA Bar No. 260728)
     amuhtar@sulmeyerlaw.com
3  **Sulmeyer**Kupetz
   A Professional Corporation
4  333 South Hope Street, Thirty-Fifth Floor
   Los Angeles, California  90071-1406
5  Telephone: 213.626.2311
   Facsimile: 213.629.4520
6
   Attorneys for Howard M. Ehrenberg,
7  Chapter 11 Trustee

8              **UNITED STATES BANKRUPTCY COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10                 **LOS ANGELES DIVISION**

11  In re                                    CASE NO. 2:10-BK-45503-RN

12  SELIM AMERICA, INC, a New York            (Substantively Consolidated with
    corporation,                             Case No. 2:10-bk-45505)
13
                    Debtor.                  **DECLARATION OF AVI E. MUHTAR RE**
14                                           **NON-OPPOSITION TO MOTION FOR**
                                             **ORDER APPROVING COMPROMISE**
15                                           **WITH EXECUTIVE JET MANAGEMENT,**
    In re                                    **INC.**
16
    SELIM TEXTILE, INC, a New York           [No Hearing Required]
17  corporation,

18                    Substantively Consolidated
                      Debtor.
19

20

21       I, Avi E. Muhtar, declare:

22       1.      I am an attorney duly admitted to practice law in the State of California and

23  before this Court.  I am employed as an associate with the law firm of **Sulmeyer**Kupetz, a

24  professional corporation, ("Sulmeyer"), counsel to Howard M. Ehrenberg (the "Trustee"),

25  the duly appointed and acting Chapter 11 Trustee in the above-captioned substantively

26  consolidated cases of case of Selim America, Inc ("America") and Selim Textile, Inc.

27  ("Textile", and together with America, the "Debtors").

28

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

2.      I make and execute this declaration in support of the "Trustee's Motion For Order Approving Compromise With Executive Jet Management, Inc." [Docket No. 92] (the "Motion").  I am one of the attorneys at Sulmeyer who is responsible for handling matters relating to the Motion.

3.      On November 17, 2010, I caused Notice of the Motion [Docket No. 92] (the "Notice") and the Motion to be filed with this Court and served on the parties set forth in the proof of service for the Notice.  A true and correct copy of the Notice and the Motion, with the proof of service therefor, is appended hereto as Exhibit A.

4.      More than 17 days have passed since service of the Notice and the Motion. I have not received any opposition or other response to the Motion.  In addition, on December 7, 2010, prior to my execution of this declaration, I accessed the docket for the above-captioned case through this Court's PACER system.  Upon accessing that docket, I reviewed the entries on the docket between November 17, 2010 and December 7, 2010, inclusive, and found that no opposition or other response to the Motion was filed during that time period.

5.      Concurrently herewith, I caused a proposed order on the Motion to be lodged with this Court through this Court's L.O.U. system.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on December 7, 2010, at Los Angeles, California.

/s/Avi E. Muhtar
Avi E. Muhtar

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

EXHIBIT A

1  Mark S. Horoupian (CA Bar No. 175373)
     mhoroupian@sulmeyerlaw.com
2  Avi E. Muhtar (CA Bar No. 260728)
     amuhtar@sulmeyerlaw.com
3  **Sulmeyer**Kupetz
   A Professional Corporation
4  333 South Hope Street, Thirty-Fifth Floor
   Los Angeles, California  90071-1406
5  Telephone: 213.626.2311
   Facsimile: 213.629.4520
6
   Attorneys for Howard M. Ehrenberg,
7  Chapter 11 Trustee

8
## UNITED STATES BANKRUPTCY COURT
9
## CENTRAL DISTRICT OF CALIFORNIA
10
## LOS ANGELES DIVISION
11

| | |
|---|---|
| In re | CASE NO. 2:10-BK-45503-RN |
| SELIM AMERICA, INC, a New York corporation, | **NOTICE OF MOTION AND TRUSTEE'S MOTION FOR ORDER APPROVING COMPROMISE WITH EXECUTIVE JET MANAGEMENT, INC.; DECLARATION OF HOWARD M. EHRENBERG IN SUPPORT THEREOF** |
| Debtor. | [Fed.R.Bankr.P. 9019] |
| | [NO HEARING REQUIRED] |

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA  90071-1406
TEL 213.626.2311 • FAX 213.629.4520

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

**TO THE HONORABLE RICHARD M. NEITER, UNITED STATES BANKRUPTCY JUDGE, THE UNITED STATES TRUSTEE, AND ALL OTHER PARTIES IN INTEREST:**

    **PLEASE TAKE NOTICE THAT** Howard M. Ehrenberg (the "Trustee"), the duly appointed and acting Chapter 11 Trustee in the above-captioned case of Selim America, Inc. (the "Debtor"), has moved, and hereby does move, this Court for an Order approving a compromise and settlement of claims by and among, on the one hand, Executive Jet Management, Inc. ("EJM") and, on the other hand, the Trustee and the Debtor's bankruptcy estate (the "Estate", and together with EJM, the "Parties").

    The settlement agreement between the Parties (the "Settlement Agreement"), a true and correct copy of which is attached to the Declaration of Howard M. Ehrenberg (the "Ehrenberg Declaration") accompanying the Motion as Exhibit 1, will recover $81,297.70 (the "Settlement Sum") for the benefit of the estate in exchange for a mutual release of claims between the Parties.

    This Motion is brought pursuant to Rule 9019(a) of the Federal Rules of Bankruptcy Procedure and is based upon this Motion, the accompanying memorandum of points and authorities, the Ehrenberg Declaration, the record in this case and any other further argument or evidence that may be presented to the Court before or at a hearing on the Motion.  In the exercise of the Trustee's business judgment, the Trustee believes that the proposed settlement is fair, reasonable and in the best interests of the Estate.

    **PLEASE TAKE FURTHER NOTICE** that the Motion, with all supporting papers, has been filed electronically with the United States Bankruptcy Court, and may be viewed through the Court's Case Management/Electronic Case Files System.  A copy of the Motion may also be obtained by contacting the undersigned at the address and telephone number indicated in the upper left corner of the first page of this Notice.

    **PLEASE TAKE FURTHER NOTICE** that, pursuant to Local Bankruptcy Rule 9013-1(o), this Motion is being filed on Notice and opportunity to request a hearing. Pursuant to Local Bankruptcy Rule 9013-1(o)(1), any response and request for hearing

1  must be filed with the Court and served on each of the Trustee's counsel (whose address

2  is set forth on the upper left corner of the first page of this Notice) and the United States

3  Trustee, within 14 days after the date of service of this notice.

4       **PLEASE TAKE FURTHER NOTICE** that, pursuant to Local Bankruptcy Rule

5  9013-1(h), the failure to timely file and serve an opposition or other response to the

6  Motion may be deemed by the Court to be consent to the granting of the Motion.

7       **WHEREFORE**, the Trustee respectfully requests that this Court enter an Order:

8  (1) granting this Motion; (2) approving the Settlement Agreement; and, (3) providing such

9  other and further relief as is proper.

10

11  Dated: November 17, 2010        Respectfully submitted,

12                           **Sulmeyer**Kupetz
                         A Professional Corporation

13

14

15                 By:   */s/ Avi E. Muhtar*
                    Avi E. Muhtar

16                      Bankruptcy Counsel for Howard M. Ehrenberg,
                    Chapter 11 Trustee

17

18

19

20

21

22

23

24

25

26

27

28

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

3

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

**MEMORANDUM OF POINTS AND AUTHORITIES**

The Trustee hereby submits the following memorandum of points and authorities in support of the Motion.

**I.**

**INTRODUCTION AND BACKGROUND**

1.       On August 23, 2010 (the "Petition Date") Selim America, Inc. ("Selim America") and Selim Textile, Inc. ("Textile" and together with Selim America, the "Debtors"), each filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

2.       On September 17, 2010, this Court entered its Order [Docket No. 55] appointing Howard M. Ehrenberg as Chapter 11 Trustee for the Debtor's estate.

3.       On October 8, 2010, the Trustee filed his motion [Docket No. 68] (the "Substantive Consolidation Motion") for an order substantively consolidating the Debtors' estates.  A hearing on the Substantive Consolidation Motion is scheduled before this Court on December 1, 2010.

4.       Prior to the Petition Date, Selim America deposited $100,000 (the "Deposit") with the Executive Jet Management, Inc. ("EJM") for aviation services to be provided by EJM.

5.       The Deposit served to secure payment for flight services provided by EJM. Pre-petition, EJM provided approximately $80,283.14 in aviation services to the Debtors and, aside from the Deposit, received payment from the Debtors in the amount of $61,580.84.  Therefore, EJM provided $18,702.30 (the "Unpaid Amount") in services for which the Debtors did not pay.  After deducting the Unpaid Amount from the Deposit, EJM holds $81,297.70 (the "Settlement Sum") in excess of services provided to the Debtors.

6.       The Motion seeks approval of an agreement (the "Settlement Agreement"), a copy of which is attached to the Declaration of Howard M. Ehrenberg (the "Ehrenberg Declaration") accompanying this Motion as Exhibit 1, that will recover the Settlement Sum for the benefit of the Debtors' estate in exchange for a mutual release of all claims.  The

4

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

1  Trustee believes that the Settlement Agreement is in the best interests of the Estate.

2  Accordingly, this Court should grant the Motion and approve the Settlement Agreement.

3  **II.**

4  **THE SETTLEMENT AGREEMENT**

5  The Settlement Agreement provides that, in exchange for a mutual release of all

6  claims by and among EJM, the Trustee, the Debtors, and the Debtors' estate, EJM shall

7  remit the Settlement Sum to the Trustee for the benefit of the Debtors' estate.

8  The Trustee has reviewed the invoices submitted to the Trustee with respect to the

9  services actually provided by EJM to the Debtors and has determined that the Settlement

10  Sum represents the true and correct amount received by EJM in excess of the services

11  provided.  Furthermore, based upon the timing of the payments received by EJM, the

12  Trustee does not believe that any of the payments or the application of a portion of the

13  deposit against the unpaid balance were preferential transfers.

14  The Trustee believes the Settlement Agreement is in the best interest of the Estate

15  and will avoid the need for protracted litigation or other proceedings to effectuate the

16  recovery of the Settlement Sum.

17  **III.**

18  **DISCUSSION**

19  A.  **Standard for Approval of a Compromise**

20  Rule 9019(a) of the Federal Rules of Bankruptcy Procedure provides:

21  **(a) Compromise.**  On motion by the trustee and after notice

22  and a hearing, the court may approve a compromise or

23  settlement.

24  In evaluating whether to approve a compromise, the Court must consider: 1) the

25  probability of success in the litigation; 2) the complexity of the litigation involved; 3) the

26  expense, inconvenience and delay necessarily attending to it; and 4) the paramount

27  interests of the creditors.  See Martin v. Robinson (In re A&C Properties, 784 F.2d 1377,

28  1381 (9th Cir. 1986), cert. denied, 479 U.S. 854, 107 S. Ct. 189 (1986); see also, Protective

5

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA  90071-1406
TEL 213.626.2311 • FAX 213.629.4520

1  Committee for Independent Stockholders of TMT Trailer Fairy Inc. v. Anderson, 390 U.S.

2  414, 424, 88 S. Ct. 1158 (1968); In re MGS Marketing, 11 B.R. 264 (Bankr. 9th Cir. 1990).

3  Approval of a proposed compromise turns on whether the compromise is in the "best

4  interests of the estate."  St. Paul Fire & Marine Ins. Co. v. Vaughn, 779 F.2d 1003, 1010

5  (4th Cir. 1985); In re Continental Investment Corp., 637 F.2d 8, 11 (1st Cir. 1980).

6      A compromise should be approved unless it falls below the lowest point in the range

7  of reasonableness.  See In re Bell & Beckwith, 93 B.R. at 569, 574 (Bankr. N.D. Ohio

8  1988); Cosoff v. Rodman (In re W.T. Grant Co.), 699 F.2d 599, 608 (2nd Cir. 1983), cert.

9  denied, 464 U.S. 822, 104 S. Ct. 88 (1985).  "In passing upon the proposed settlement, the

10 court must consider the principle that 'law favors compromise.'"  In re Carson, 82 B.R. 847,

11 853 (Bankr. S.D. Ohio 1987); Port O'Call Investment Co. v. Blair (In re Blair), 538 F.2d 849,

12 851 (9th Cir. 1976).

13     Finally, the compromise approval process does not contemplate that a court will

14 substitute its business judgment for that of a trustee.  To the contrary, a settlement that has

15 been negotiated by a trustee -- the estate's representative -- is entitled to deference.  See

16 In re Morrison, 69 B.R. 586, 592 (Bankr. E.D. Pa. 1987).

17 **B.    This Court Should Approve the Settlement Agreement**

18     A review of the A&C factors set forth above demonstrates that the Settlement

19 Agreement is an appropriate and reasonable exercise of the Trustee's business judgment

20 and its approval is in the best interests of the Estate.

21     The Trustee reviewed the amount deposited by Selim America for flight services

22 provided by EJM.  The Trustee further reviewed the invoices submitted by EJM reflecting

23 the services actually provided to the Debtors by EJM.  The Trustee confirmed that the,

24 aside from the Deposit, EJM received only $61,580.84 for $80,283.14 worth of services

25 provided.   The Trustee further believes that, as a result of certain defenses that would be

26 available to EJM, any potential avoidance action brought to recover the payments received

27 by EJM aside from of the Deposit would be unsuccessful.  Accordingly, EJM and the

28 Trustee reached a consensual resolution whereby EJM agreed to remit to the Trustee, for

6

8

1  the benefit of the Debtors' estate, the Deposit less any amount due to EJM for services

2  provided but unpaid.  In exchange, the parties agreed to a mutual release of all claims.

3      The Settlement Agreement provides for the efficient and expeditious collection of

4  amounts due to the Debtors' estates.  If the Settlement Agreement is not approved it is

5  likely that the Trustee would have to expend substantial effort in further sorting through the

6  Debtors' books and records and in pursuing an avoidance action in an effort to collect the

7  Settlement Sum.  Such actions would only serve to reduce the recovery to the Debtors'

8  estate.

9      The Trustee believes that the paramount interests of creditors in this case is to

10  maximize distributions to unsecured creditors with a minimum amount of administrative

11  fees.  Approval of the Settlement Agreement will achieve this goal.  On the other hand,

12  without the Settlement Agreement and by litigating an avoidance action, the Estate will be

13  forced to expend administrative costs with no hope of a greater recovery than provided by

14  the Settlement Agreement.

15                                        **IV.**

16                                **CONCLUSION**

17      Based on the foregoing, in the exercise of his business judgment, the Trustee

18  believes that the Settlement Agreement is fair, reasonable and in the best interests of the

19  Estate.  The Trustee respectfully requests that this Court enter an Order granting this

20  Motion, approving the Settlement Agreement, and providing such other and further relief

21  as is proper.

22  DATED: November 17, 2010          Respectfully submitted,

23                                        **Sulmeyer**Kupetz
                                        A Professional Corporation

24

25                                        By:  */s/ Avi E. Muhtar*
                                              Avi E. Muhtar
26                                            Attorneys for Howard M. Ehrenberg,
                                              Chapter 11 Trustee
27

28

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

## DECLARATION OF HOWARD M. EHRENBERG[1]

I, Howard M. Ehrenberg, declare:

1.      I am the duly appointed, qualified and acting chapter 11 trustee for the estate of Selim America, Inc.  I make this Declaration in support of the motion, pursuant to Rule 9019(a) of the Federal Rules of Bankruptcy Procedure, for entry of an Order approving a compromise and settlement of claims by and among, on the one hand, Executive Jet Management, Inc. ("EJM") and, on the other hand, myself, in my capacity as chapter 11 trustee, and the Debtor's bankruptcy estate (the "Estate", and together with EJM, the "Parties").  Each of the facts contained in this declaration are based on my personal knowledge, and if called as a witness I could and would competently testify thereto.

2.      A true and correct copy of the Settlement Agreement is attached hereto as Exhibit 1.

3.      Prior to the Petition Date, Selim America deposited $100,000 (the "Deposit") with the Executive Jet Management, Inc. ("EJM") for aviation services to be provided by EJM.

4.      The Deposit served to secure payment for flight services provided by EJM.  Pre-petition, EJM provided approximately $80,283.14 in aviation services to the Debtors and, aside from the Deposit, received payment from the Debtors in the amount of $61,580.84.  Therefore, EJM provided $18,702.30 (the "Unpaid Amount") in services for which the Debtors did not pay.  After deducting the Unpaid Amount from the Deposit, EJM holds $81,297.70 (the "Settlement Sum") in excess of services provided to the Debtors.

5.      The Settlement Agreement provides that, in exchange for a mutual release of all claims by and between EJM, myself (in my capacity as chapter 11 trustee), the

---

[1] All terms not defined herein shall have the same meaning ascribed to them in the Motion.

8

1  Debtors, and the Debtors' estate, EJM shall remit payment to me for the benefit of the

2  Debtors' estate in the amount of the Settlement Sum.

3      6.    I have reviewed the invoices submitted to me with respect to the services

4  actually provided by EJM to the Debtors and have determined that the Settlement Sum

5  represents the true and correct amount received by EJM in excess of the services

6  provided.  Furthermore, based upon the timing of the payments received by EJM, I do not

7  believe that any of the payments or the application of a portion of the deposit against the

8  unpaid balance were preferential transfers.

9      7.    I believe that the Settlement Agreement is in the best interest of the Estate

10  and will avoid the need for protracted litigation or other proceedings to effectuate the

11  recovery of the Settlement Sum.

12      8.    I reviewed the amount deposited by Selim America for flight services

13  provided by EJM.  I further reviewed the invoices submitted by EJM reflecting the

14  services actually provided to the Debtors by EJM.  The Trustee confirmed that the, aside

15  from the Deposit, EJM received only $61,580.84 for $80,283.14 worth of services

16  provided.  I further believe that, as a result of certain defenses that would be available to

17  EJM, any potential avoidance action brought to recover the payments received by EJM

18  aside from of the Deposit would be unsuccessful.  Accordingly, EJM and I reached a

19  consensual resolution whereby EJM agreed to remit to me, for the benefit of the Debtors'

20  estate, the Deposit less any amount due to EJM for services provided but unpaid.  In

21  exchange, the parties agreed to a mutual release of all claims.

22      9.    The Settlement Agreement provides for the efficient and expeditious

23  collection of amounts due to the Debtors' estates.  If the Settlement Agreement is not

24  approved it is likely that I would have to expend substantial effort in further sorting

25  through the Debtors' books and records and in pursuing an avoidance action in an effort

26  to collect the Settlement Sum.  Such actions would only serve to reduce the recovery to

27  the Debtors' estate.

28

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

9

10.    I believe that the paramount interests of creditors in this case is to maximize distributions to unsecured creditors with a minimum amount of administrative fees. Approval of the Settlement Agreement will achieve this goal.  On the other hand, without the Settlement Agreement and by litigating an avoidance action, the Estate will be forced to expend administrative costs with no hope of a greater recovery than provided by the Settlement Agreement.

11.    Based on the foregoing, in the exercise of his business judgment, the Trustee believes that the Settlement Agreement is fair, reasonable and in the best interests of the Estate.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 16th day of November 2010, at Los Angeles, California.


_____/s/ Howard M. Ehrenberg_____
Howard M. Ehrenberg

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA  90071-1406
TEL 213.626.2311 • FAX 213.629.4520

# EXHIBIT 1

## SETTLEMENT AGREEMENT AND MUTUAL LIMITED RELEASE

This SETTLEMENT AGREEMENT AND MUTUAL LIMITED RELEASE (this "**AGREEMENT**") is entered into as of November 9, 2010 by and between Howard M. Ehrenberg, in his sole and exclusive capacity as the duly appointed, qualified and acting chapter 11 trustee (the "**TRUSTEE**") for the estate (the "**ESTATE**") of Selim America, Inc. (the "**DEBTOR**"), on the one side, and Executive Jet Management, Inc. (the "**COMPANY**"), on the other side, as follows:

I.
**RECITALS**

**A.**    On August 23, 2010 (the "**PETITION DATE**") the **DEBTOR** filed its voluntary petition for relief under chapter 11 of the Bankruptcy Code.

**B.**    On September 17, 2010, Howard M. Ehrenberg was appointed Chapter 11 Trustee for the Debtor's estate.

**C.**    Howard M. Ehrenberg, is the duly appointed, qualified and acting Chapter 11 Trustee of the **ESTATE** created in the Chapter 11 bankruptcy cases pending in the Los Angeles Division of the United States Bankruptcy Court for the Central District of California (the "**BANKRUPTCY COURT**"), which is styled In Re Selim America, Inc., bearing Case No. 2:10-BK-45503-RN (the "**BANKRUPTCY CASE**").

**D.**    Prior to the **PETITION DATE**, the **DEBTOR** deposited $100,000 (the "**DEPOSIT**") with the **COMPANY** for aviation services to be provided by the **COMPANY**.

**E.**    The **DEPOSIT** served to secure payment for flight services provided by the **COMPANY**.  The **COMPANY** provided approximately $80,283.14 in aviation services to the **DEBTOR** and, aside from the **DEPOSIT**, received payment from the **DEBTOR** in the amount of $61,580.84.  Therefore, the **COMPANY** is due $18,702.30 (the "**UNPAID AMOUNT**") for services performed but unpaid.  Accordingly, after deducting the **UNPAID AMOUNT** from the **DEPOSIT**, the **ESTATE** is owed $81,297.70.

**F.**    The **TRUSTEE** has been engaged in discussions with the **COMPANY** for the return of the unused portion of the **DEPOSIT** for the benefit of the **ESTATE.**

**G.**    The parties now desire to resolve the **TRUSTEE'S** claims (or any successor or assignee of the Trustee) against the **COMPANY** for the avoidance and recovery of any actual or alleged transfers of money or property from the **DEBTOR** to or for the benefit of the **COMPANY** prior to the **PETITION DATE** under the **BANKRUPTCY CODE** and any state law providing for avoidance and recovery of transfers, including any and all other claims related to the **DEBTOR**'s pre-petition dealings with the **COMPANY**.

## II.
## AGREEMENT

**NOW**, **THEREFORE**, in consideration of the recitals contained in paragraphs A through F, above (the "**RECITALS**") and of the mutual agreements, covenants and releases set forth herein, and for other good and valuable consideration, the sufficiency and adequacy of which is acknowledged by the parties, the parties hereto agree as follows:

**1.**    **Recitals.**    The **RECITALS** are an integral part of this **AGREEMENT** and are incorporated herein by reference.

**2.**    **Rules of Construction.**    The following rules of construction govern and apply to the interpretation and construction of this **AGREEMENT**:

**2.1.**    Whenever the name of the **TRUSTEE** is used, it includes all current and former agents, employees, attorneys, officers and directors, successors and assigns of the **TRUSTEE**, as applicable, and all other persons and entities for whose acts and omissions the **TRUSTEE** may be held liable.

**2.2.**    Whenever the name of the **COMPANY** is used, it includes all parents, subsidiaries, related and affiliated entities, all current and former agents, employees, attorneys, officers and directors, all successors and assigns of the **COMPANY** as applicable, and all other persons and entities for whose acts and omissions the **COMPANY** as applicable, may be held liable for the payments and services described herein.

**2.3.**    The Trustee has drafted this **AGREEMENT** and each party has reviewed the terms of this **AGREEMENT**.

**2.4.**    The underscored word or words appearing at the commencement of sections of this **AGREEMENT** are intended only as a guide and are not intended, and should not be construed, as controlling, enlarging, restricting, explaining or modifying, in any manner, the language or meaning of those sections or subsections.

**3.**    **Settlement.**    In consideration for the promises made in this **AGREEMENT**, including, without limitation, the **COMPANY** shall pay the **ESTATE** the total amount of $81,297.70 (the "**SETTLEMENT**").    The **SETTLEMENT** payment shall be due on or before 10 business days following entry of a non-appealable order from the **BANKRUPTCY COURT** confirming this **AGREEMENT**. . The **SETTLEMENT** payment shall be made by business or cashier's check made payable to "Howard M. Ehrenberg, Chapter 11 Trustee", and delivering said business or cashier's check to the **TRUSTEE'S** counsel of record, Mark Horoupian, Esq., **Sulmeyer**Kupetz, A Professional Corporation, 333 South Hope Street, 35th Floor, Los Angeles, California 90071.

4.    **Bankruptcy Court Approval.**    This **AGREEMENT** is expressly subject to approval by the **BANKRUPTCY COURT**.    The **TRUSTEE**, through his counsel, shall seek the approval of this **AGREEMENT** with the **BANKRUPTCY COURT**, pursuant to Bankruptcy Rule 9019, in an expeditious manner. In the event the **BANKRUPTCY COURT** does not approve this **AGREEMENT**, then the **TRUSTEE** and the **COMPANY** shall work to draft an acceptable

AMUHTAR\ 687190.2 11/17/2010 (10:07 AM)

14

settlement agreement, provided, however the **SETTLEMENT** shall not be paid until a mutually agreed upon settlement agreement (the "**ALTERNATE SETTLEMENT**") is accepted by the **BANKRUPTCY COURT**.

**5.** **Mutual Release.** Except for: (a) a breach of this **AGREEMENT** and claims arising by reason of such breach; (b) enforcement of rights, obligations and duties arising under this **AGREEMENT**; (c) any claims explicitly set forth and submitted by the **COMPANY** pursuant to this **AGREEMENT**, and (d) the satisfaction of the executory provisions of this **AGREEMENT**, in consideration for the provisions of this **AGREEMENT**, the **TRUSTEE**, on its behalf, and on behalf of the **DEBTOR**, on the one side and  the **COMPANY** on the other side, do hereby fully and finally compromise and settle with, and forever release, remise, relieve, waive, relinquish and discharge each other from any and all claims, complaints, rights, manner of action or actions, cause or causes of action, suits, debts, dues, demands, obligations, charges, costs, expenses (including but not limited to attorneys' fees) sums of money, controversies, damages, accounts, agreements, covenants, contracts, judgments, reckonings, liens and liabilities of every kind and nature whatsoever, whether at law or in equity, whether based upon statute, common law or otherwise, whether matured, contingent or non-contingent, whether direct or indirect, whether known or unknown, whether suspected or unsuspected, whether or not hidden and without regard to the subsequent discovery or existence of different or additional facts, which the **TRUSTEE** and the **COMPANY** ever had, now have, or may claim to have against each other that arose or are arising out of, based on, asserted in, or in connection with any matter, cause, or thing related to the **DEPOSIT** and the **DEBTOR**'s pre-petition dealings with **COMPANY** ("**CLAIMS**" or "**CLAIM**") or the **BANKRUPTCY CASE**, any of the above now accrued or hereafter accruing.

**6.** **Final Release and Bar.** The parties hereto hereby acknowledge that it is their intention, that this **AGREEMENT** shall be effective as a full and final release of and as a bar with prejudice to each and every **CLAIM**, which the parties have or had against one another as is applicable, directly or indirectly.  In connection with such waiver and relinquishment, the parties acknowledge that they or their attorneys may hereafter discover facts different from or in addition to the facts that they now know or believe to be true with respect to the subject matter of this **AGREEMENT**, but that it is their intention to hereby fully, finally, absolutely, and forever release any and all **CLAIMS** released pursuant to Section 5, above, which now do exist, may exist or heretofore have existed between them, and that in furtherance of such intentions the release as given herein by the parties, shall be and remain in effect as a full and complete release of the **CLAIMS** released in Section 5 above, notwithstanding the discovery of any such different or additional facts.

Notwithstanding the discovery of any such additional or different facts, the parties certify that they have read Section 1542 of the California Civil Code set forth below:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

AMUHTAR\ 687190.2 11/17/2010 (10:07 AM)

15

The parties waive application of Section 1542 of the California Civil Code and any other statutes, common law rights, rules or the like which may operate to limit the intent of this **AGREEMENT** with respect to the **CLAIMS** released in Section 5 above.  The parties understand and acknowledge the significance and consequence of this waiver of Section 1542 of the California Civil Code is that even if they should eventually suffer additional damages on account of the **CLAIMS** released in Section 5 above, they will not be permitted to make any claim for such damages.

**7.    Covenant Not to Sue.**  The **TRUSTEE** and the **COMPANY** hereby covenant and agree that they will forever refrain and forbear from commencing, instituting or prosecuting any lawsuit action or other proceeding against each other, or from filing any claim against the **ESTATE**, based on, arising out of, or in connection with the **CLAIMS** released in Section 5, above.  Notwithstanding the foregoing, nothing contained in this **AGREEMENT** shall preclude the **TRUSTEE** or the **COMPANY** from exercising their respective rights in the event the other party breaches any of its obligations under this **AGREEMENT**.

**8.    Mutual Warranties and Representations.**  The **TRUSTEE** and the **COMPANY** hereby represent and warrant to each other that as of the date of this **AGREEMENT**:

    **9.1**    The **TRUSTEE** and the **COMPANY** have each consulted with or have had the opportunity to consult with an attorney of their choosing, and each of them has carefully read this **AGREEMENT**, fully understands this **AGREEMENT** and its terms and provisions, and each of them is relying upon legal advice in entering into this **AGREEMENT** voluntarily.

    **9.2**    The **TRUSTEE** and the **COMPANY** have each made such investigation of the facts and matters pertaining to this **AGREEMENT** and settlement of the **CLAIMS** as each of them has deemed necessary.

    **9.3**    Except for the statements, representations and promises contained in this **AGREEMENT**, the parties hereto are not relying upon any statement, representation, or promise from the other party hereto or any of the other party's agents, employees, representatives, or attorneys in entering into this **AGREEMENT**.

    **9.4**    Each person executing this **AGREEMENT** on behalf of a party hereto has been duly authorized to execute this **AGREEMENT** on behalf of the party and to bind the party to the terms and provisions of this **AGREEMENT** by appropriate appointment, delegation of authority, corporate by-laws or board resolutions.

    **9.5**    As to the matters addressed herein, this **AGREEMENT** is intended to be final and binding upon the parties hereto, regardless of any mistake of fact or law made by the parties hereto.  The **TRUSTEE** and the **COMPANY** each assume the risk of any mistake of fact or law in relation to this **AGREEMENT** and may not set aside this **AGREEMENT**, or any portion thereof based on the subsequent discovery of any such mistake of fact or law.

**9.    Complete Agreement.**  This **AGREEMENT** contains the entire agreement between the parties with respect to the matters addressed in this **AGREEMENT** and this **AGREEMENT** supersedes all prior agreements, written or oral.  Should a dispute arise under this **AGREEMENT**, neither the **TRUSTEE** nor the **COMPANY** may introduce evidence of any alleged prior or contemporaneous agreements or understandings to alter the terms of this **AGREEMENT**.

**10.    No Oral Modifications.**  This **AGREEMENT** may be amended only in a writing signed by both parties.

**11.    Retention of Jurisdiction.**  The **BANKRUPTCY COURT** shall retain exclusive jurisdiction to resolve any controversy or claim arising out of relating to this **AGREEMENT**.

**12.    Attorneys' Fees and Costs.**  The **TRUSTEE** and the **COMPANY** shall each bear their own costs and attorneys' fees, if any, with regard to any aspect of the **CLAIMS** including with respect to the drafting, negotiation and execution of this **AGREEMENT**.  However, the **TRUSTEE** and the **COMPANY** agree that in the event of any legal or equitable action or arbitration proceeding required to enforce or defend this **AGREEMENT**, the prevailing party as that term is defined by California Civil Code § 1717, shall be entitled to an award of its attorneys' fees, costs, and expenses incurred in connection with the enforcement or defense of this **AGREEMENT**, in addition to any other damages it may suffer as a result of the violation or breach of this **AGREEMENT**, or other relief to which it may be entitled.

**13.    Successors.**  This **AGREEMENT** shall bind and inure to the benefit of the parties hereto and their respective successors, predecessors and assigns.

**14.    Severability.**  Should any provision of this **AGREEMENT** be unenforceable, those provisions shall be considered severable, and the remaining provisions shall remain in effect.

15.    **Governing Law.**  This **AGREEMENT** shall be construed and governed by the internal laws of the State of California.

**16.    Counterparts.**  This **AGREEMENT** may be executed in counterparts and by facsimile signature with the same force and effect as if all original signatures were set forth in a single document.  This **AGREEMENT** shall not be binding until signed by both parties.

**17..    Further Assurances.**  The **TRUSTEE** and the **COMPANY** hereby agree to, on request of the other party hereto, to perform all acts reasonably necessary, including execution of further documents, to effectuate the intent of this **AGREEMENT**.

(continued on next page)

AMUHTAR\ 687190.2 11/17/2010 (10:07 AM)

17

**IN WITNESS WHEREOF,** the parties hereto have executed this **SETTLEMENT AGREEMENT AND MUTUAL GENERAL RELEASE** effective as of the first date written above.

HOWARD M. EHRENBERG, in his Sole and Exclusive Capacity as Chapter 11 Trustee for the bankruptcy estate of Selim America, Inc.

By: _____

Howard M. Ehrenberg, Chapter 11 Trustee

**Executive Jet Management, Inc.**

By: _____

Its: _____

(Sarah Warthcraft)

**APPROVED AS TO FORM:**

**SULMEYER**KUPETZ
A Professional Corporation

By: _____

Mark S. Horoupian
Attorneys for Howard M. Ehrenberg, Chapter 7 Trustee

AMUHTAR\ 687190.2 11/10/2010 (10:00 AM)

18

19

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on a CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 333 South Hope Street, Thirty-Fifth Floor, Los Angeles, California  90071-1406

A true and correct copy of the foregoing document described as  NOTICE OF MOTION AND TRUSTEE'S MOTION FOR ORDER APPROVING COMPROMISE WITH EXECUTIVE JET MANAGEMENT, INC.; DECLARATION OF HOWARD M. EHRENBERG IN SUPPORT THEREOF  will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d), and **(b)** in the manner indicated below:

**I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On  November 17, 2010  I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the e-mail address indicated below:

SEE ATTACHED SERVICE LIST

☒ Service Information continued on attached page.

**II.  SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On  November 17, 2010  I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follow. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

The Honorable Richard M. Neiter
U.S. Bankruptcy Court
Roybal Federal Building
255 E. Temple Street, Suite 1652
Los Angeles, CA 90012-3332

☐ Service Information continued on attached page.

**III.  SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P.5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method ) by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service Information continued on attached page.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| November 17, 2010 | Shirley L. Lee | /s/ Shirley Lee |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*                                              **F 9013-3.1.PROOF.SERVICE**

**ADDITIONAL SERVICE INFORMATION** (if needed):

**SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**

Russell Clementson on behalf of U.S. Trustee United States Trustee (LA)
russell.clementson@usdoj.gov

Howard M Ehrenberg (TR)
ehrenbergtrustee@sulmeyerlaw.com, ca25@ecfcbis.com;hmehrenberg@ecf.epiqsystems.com

Monica Y Kim on behalf of Debtor Selim America Inc., a New York corporation
myk@lnbrb.com

Monica Y Kim on behalf of Plaintiff Selim America Inc., a New York corporation
myk@lnbyb.com

Steven N Kurtz on behalf of Creditor Prime Business Credit, Inc.
lgreenstein@laklawyers.com, rfeldon@laklawyers.com

Dare Law on behalf of U.S. Trustee United States Trustee (LA)
dare.law@usdoj.gov

Elan S Levey on behalf of Creditor Prime Business Credit, Inc.
elevey@laklawyers.com, lgreenstein@laklawyers.com;rfeldon@laklawyers.com

Sam S Oh on behalf of Creditor Hwaseung Networks America, Corp.
sam.oh@limruger.com, julie.yu@limruger.com;amy.lee@limruger.com

Lindsey L Smith on behalf of Debtor Selim America Inc., a New York corporation
lls@lnbrb.com

Nico N Tabibi on behalf of Interested Party Courtesy NEF
nico@tabibilaw.com

United States Trustee (LA)
ustpregion16.la.ecf@usdoj.gov

Helen H Yang on behalf of Creditor Frontier Logistics Services
hyang@ssd.com

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                    **F 9013-3.1**

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on a CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 333 South Hope Street, Thirty-Fifth Floor, Los Angeles, California  90071-1406

A true and correct copy of the foregoing document described as <u>DECLARATION OF AVI E. MUHTAR RE NON-OPPOSITION TO MOTION FOR ORDER APPROVING COMPROMISE WITH EXECUTIVE JET MANAGEMENT, INC.</u> will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d), and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On <u>December 7, 2010</u> I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the e-mail address indicated below:

SEE ATTACHED SERVICE LIST

☒ Service Information continued on attached page.

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On <u>December 7, 2010</u> I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follow. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

The Honorable Richard M. Neiter
U.S. Bankruptcy Court
Roybal Federal Building
255 E. Temple Street, Suite 1652
Los Angeles, CA 90012-3332

☒ Service Information continued on attached page.

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P.5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method ) by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

☐ Service Information continued on attached page.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| December 7, 2010 | Shirley L. Lee | /s/Shirley Lee |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*                                                  **F 9013-3.1.PROOF.SERVICE**

**ADDITIONAL SERVICE INFORMATION (if needed):**

**SERVED BY EMAIL**

Russell Clementson on behalf of U.S. Trustee United States Trustee (LA)
russell.clementson@usdoj.gov

Howard M Ehrenberg (TR)
ehrenbergtrustee@sulmeyerlaw.com, ca25@ecfcbis.com;hmehrenberg@ecf.epiqsystems.com

Monica Y Kim on behalf of Debtor Selim America Inc., a New York corporation
myk@lnbrb.com

Monica Y Kim on behalf of Plaintiff Selim America Inc., a New York corporation
myk@lnbyb.com

Steven N Kurtz on behalf of Creditor Prime Business Credit, Inc.
lgreenstein@laklawyers.com, rfeldon@laklawyers.com

Dare Law on behalf of U.S. Trustee United States Trustee (LA)
dare.law@usdoj.gov

Elan S Levey on behalf of Creditor Prime Business Credit, Inc.
elevey@laklawyers.com, lgreenstein@laklawyers.com;rfeldon@laklawyers.com

Sam S Oh on behalf of Creditor Hwaseung Networks America, Corp.
sam.oh@limruger.com, julie.yu@limruger.com;amy.lee@limruger.com

Lindsey L Smith on behalf of Debtor Selim America Inc., a New York corporation
lls@lnbrb.com

Nico N Tabibi on behalf of Interested Party Courtesy NEF
nico@tabibilaw.com

United States Trustee (LA)
ustpregion16.la.ecf@usdoj.gov

Helen H Yang on behalf of Creditor Frontier Logistics Services
hyang@ssd.com

## SERVED BY U.S. MAIL

| | | |
|---|---|---|
| Employment Development Dept.<br>Bankruptcy Group MIC 92E<br>P.O. Box 826880<br>Sacramento, CA 94280-0001 | Franchise Tax Board<br>ATTN: Bankruptcy<br>P.O. Box 2952<br>Sacramento, CA 95812-2952 | L.A. County Tax Collector<br>Bankruptcy Unit<br>2615 S. Grand<br>Los Angeles, CA 90007-2668 |
| Los Angeles City Clerk<br>P.O. Box 53200<br>Los Angeles, CA 90053-0200 | Prime Business Credit, Inc.<br>1055 W. 7th Street #2200<br>Los Angeles, CA 90017 | Securities & Exchange Commission<br>5670 Wilshire Avenue., 11th Floor<br>Los Angeles, CA 90036 |
| EYP Realty LLC<br>725 S. Figueroa Street, Suite 1850<br>Los Angeles, CA 90017 | Nate Speiser, Esq.<br>Manager, Contract Administration<br>NetJets Services, Inc.<br>4111 Bridgeway Avenue<br>Columbus, Ohio 43219 | |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.